[Crim. No. 263. Fourth Appellate District.—September 26, 1934.]

THE PEOPLE, Appellant, v. LEE CAMPBELL et al., Respondents.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Elmer W. Heald, District Attorney, and D. H. Wolford, Deputy District Attorney, for Appellant.

Buel R. Wood, W. I. Wilson and Frank Birkhauser for Respondents.

BARNARD, P. J.—The defendants were charged, under subdivision 4 of section 182 of the Penal Code, with having conspired to obtain property by false promises with fraudulent intent not to perform such promises. Following a conviction by a jury the trial court granted a motion in arrest of judgment. From the order granting this motion the People have appealed. The evidence is not before us and the only matter presented is as to the sufficiency of the information.

The charging part of the information reads as follows:

"The District Attorney of the County of Imperial hereby accuses Lee Campbell and C. A. Switzer of a felony, to wit, Criminal Conspiracy, in that on or about the 20th day of November, 1932, in the County of Imperial, State of California, the said Lee Campbell and C. A. Switzer unlawfully conspired, agreed and confederated together to obtain property by false promises with fraudulent intent not to perform such promises.

"In the furtherance of said conspiracy said defendants, Lee Campbell and C. A. Switzer, in the County of Imperial, State of California, stated to said George M. Conley, in substance that they would purchase mixed hay from said George M. Conley, and that the said Lee Campbell would send with the truck driver hauling said hay, a check in payment thereof, and that in furtherance of the said conspiracy, the said Lee Campbell did cause to be delivered to said George M. Conley after securing said Hay, a check in the sum of One Hundred Dollars ($100.00), which said check was delivered to said George M. Conley by defendant C. A. Switzer, and which said check purported to be signed by one Chas. McCabe; and that at the time defendants Lee Campbell and C. A. Switzer made the promises aforesaid, the defendant Lee Campbell well knew that he did not have sufficient funds in or credit with the bank upon which said check was drawn, to meet the same in full and well knew that said check would not be paid when presented and that the promises made by said defendants to said George M. Conley to pay for said hay were made knowingly, unlawfully and fraudulently and with a fraudulent intent then and there not to

perform said promises or any thereof, and that there was not in the bank upon which said check was drawn, sufficient funds or credit in or credit with said bank to meet said check in full.

"In furtherance of said conspiracy, on or about the 23rd day of November, 1932, in the County of Imperial, State of California, the said defendant Lee Campbell, unlawfully, knowingly and with the intent then and there to assist in the carrying out of said conspiracy, affixed the name 'Chas. McCabe' upon said check and this he did by reason of an unlawful agreement between him and said Chas. McCabe, who, for the purpose of carrying out said conspiracy, as was then well known to the defendant Lee Campbell, unlawfully permitted and authorized his name to be subscribed to said check, which said check was then and there intended to be used, and was used by the defendants Lee Campbell and C. A. Switzer for the purpose of falsely and fraudulently obtaining said hay from said George M. Conley."

The first questions raised concerning the sufficiency of the information are whether it attempts to charge several offenses without separating the same into various counts, and whether it can be determined, under the wording of the information, what the punishment should be. In addition, the appellant asks us to pass upon the question as to whether a conspiracy to commit a misdemeanor is punishable under section 182 of the Penal Code and whether or not such a crime is a felony.

While the first paragraph of the information charges that the respondents conspired to obtain property by false promises, with fraudulent intent not to perform such promises, this portion of the information fails to mention any overt act and sets forth no facts as to the property sought to be obtained, the value thereof or from whom it was to be obtained. All such facts are set forth in the second and third paragraphs, which become material parts of the information.

The respondents argue that an attempt is made to charge several offenses, notably a violation of subdivision 4 of section 182 of the Penal Code and a violation of section 476a of that code in intentionally passing a check with knowledge that there are not sufficient funds in the bank on which it is drawn to pay the same. Assuming that another information might have been filed under section 476a, based upon some

of the facts involved here, we think it sufficiently appears from this information that the only offense here charged is a violation of subdivision 4 of section 182, and it follows that this particular objection to the information is without merit.

It is further argued by the respondents that it cannot be determined what the punishment should be in the event of a conviction based upon this information. It is argued that a violation of section 476a is a felony and that, so considered, the punishment would be that provided in the first paragraph of that portion of section 182 of the Penal Code which provides the punishment for violations of that section. It is then argued that since the property here involved was of the value of $100 the punishment for a violation of subdivision 4 of section 182 would be governed by the second paragraph of the penal provisions of that section. Under the first view, it is argued, a felony is involved while under the second view the crime is a misdemeanor. We are not impressed with this argument as we regard the information as one attempting to charge only a violation of the latter part of subdivision 4 of section 182. While the obtaining of property of the value of $100 by what amounts to false pretenses would be petit theft, and would be a misdemeanor, an information properly charging such a violation of subdivision 4 of section 182 as that with which we are here concerned would charge a crime which is punishable under the second paragraph of the punishment provided by that section (*Doble* v. *Superior Court,* 197 Cal. 556 [241 Pac. 852]).

It seems entirely clear that a conspiracy to commit a misdemeanor is punishable under section 182 of the Penal Code. Under the second paragraph of the punishment provisions of that section, such an offense may be punished by imprisonment in the county jail or by imprisonment in the state penitentiary. The crime would then be considered a misdemeanor or a felony, according to the punishment prescribed by the sentence, as in other cases (Pen. Code, sec. 17).

While we think the information before us is not insufficient upon the grounds above referred to, we think it is void for uncertainty and for failure to set forth facts which are essential to the charge therein attempted to be made. The respondents are charged with having conspired

to obtain this property by false promises with fraudulent intent not to perform such promises. The essence of this charge is the common and prearranged intent not to perform at the time the promises were made. While the second paragraph of the information alleges that both respondents stated to Conley that they would buy the hay and that respondent Campbell would send with the truck driver a check in payment for the hay, the further allegations of that paragraph are to the effect that at the time the respondents made this promise the respondent Campbell knew that a check, which was later delivered, was valueless and that he knew that the promise to pay was made with a fraudulent intent. But no such knowledge is charged to the respondent Switzer and it is neither alleged that he knew that the check would not be paid nor that at the time the promise was made he knew anything about the check. Nothing is set forth in the second paragraph, so far as respondent Switzer is concerned, other than that both respondents told Conley they would buy the hay and that respondent Campbell would send a check in payment with the truck driver. ▮ Nor is this defect cured by the allegations of the third paragraph of the information, although it is therein charged that at that time, three days after the promises were made, this check was intended to be used and was used by both respondents for the purpose of fraudulently obtaining the hay. If it can be inferred that respondent Switzer ever knew that this was a bad check, it certainly cannot be inferred that he knew this at the time the promise was made or that at that time he knew there was any intention on the part of respondent Campbell to deliver a worthless check in purported payment for the hay. If it could be assumed that respondent Switzer knew three days after the promise was made that the check was worthless, such a fact would not bring the case within that portion of subdivision 4 of section 182 upon which this charge is based, as the essential requirement thereof is that there shall be a fraudulent intent not to perform at the very time the promise is made. ▮ In addition to other uncertainties and inconsistencies in the information, we think the failure to allege these essential facts, with reference to the respondent Switzer, makes the information insufficient as to him. As one person cannot conspire with himself, it fol-

lows that the information is insufficient as to respondent Campbell also.

While we are not in accord with respondents' general contentions as to the law, we are unable to hold that the court erred in setting aside a verdict based upon this particular information.

For the reasons given the order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.