[Crim. No. 5651.   In Bank.   Nov. 24, 1954.]

In re ALEXANDER WILLIAMSON, on Habeas Corpus.

L. G. Hitchcock for Petitioner.

Joseph Maddux, District Attorney (Sonoma County), for Respondent.

EDMONDS, J.—Alexander Williamson, an inmate of the Sonoma County jail, by this proceeding in habeas corpus seeks his release from confinement. As ground for relief, he charges that the term of imprisonment specified in the order placing him on probation is for a period in excess of that authorized by law.

Petitioner and four other persons were indicted on three counts of grand theft and one count of "conspiracy to commit the crime of contracting without a license in violation of Section 7028 of the Business and Professions Code[1] . . . committed as follows: In that . . . in violation of Subdivision (1) of Section 182 of the Penal Code of the State of California, did wilfully, unlawfully, feloniously and knowingly conspire, combine and agree together and with each other, to engage in the business or act in the capacity of a con-

---

[1] Section 7028: "It is unlawful for any person to engage in the business or act in the capacity of a contractor within this state without having a license therefor unless such person is particularly exempted from the provisions of this chapter."

tractor within this State without having a license therefor."
Williamson pleaded guilty to the charge of conspiracy. The
other counts against him were dismissed.

Following Williamson's application for probation, it was
ordered that "imposition of judgment herein be suspended
for a period of three (3) years, or until further order of this
Court, and the defendant be released upon probation under
the expressed conditions herein stated: . . .." As conditions
of probation Williamson must make restitution of his pro rata
share of the money received from roofing jobs performed by
the defendants, post a bond "for the successful completion of
probation," pay a fine of $300, and be confined in the Sonoma
County jail for a period of eight months.

Williamson contends that, by section 7030 of the Business
and Professions Code,[2] the crime to which he pleaded guilty
expressly is made a misdemeanor. According to section 19
of the Penal Code, his argument continues, his punishment
cannot exceed imprisonment for six months and a fine of $500.

Section 183 of the Penal Code provides that no conspiracies,
other than those enumerated in the previous section, are
punishable criminally. Section 182 makes it unlawful for
two or more persons to conspire "to commit any crime" or
to do any one of a number of specified acts, and includes
penalties for the various violations. Those who conspire to
commit a felony, with certain specific exceptions, are punish-
able in the same manner and to the same extent as is provided
for the punishment of the felony. When they conspire to
do any of the other acts described in that section they are
punishable "by imprisonment in the county jail for not more
than one year or in the State prison for not more than three
years, or by a fine not exceeding five thousand dollars ($5000)
or both." A further provision is that " [a]ll cases of con-
spiracy may be prosecuted and tried in the superior court
of any county in which any overt act tending to effect such
conspiracy shall be done."

The count of the indictment to which Williamson pleaded
guilty charged a conspiracy to violate section 7028 of the
Business and Professions Code, such conspiracy being in
violation of section 182, subdivision 1, of the Penal Code.
Williamson points out that section 7030 of the Business and
Professions Code specifically concerns a conspiracy to violate

---

[2]Section 7030: "Any person who acts in the capacity of a contractor
without a license, and any person who conspires with another person to
violate any of the provisions of this chapter is guilty of a misdemeanor."

"any of the provisions of this chapter," including section 7028, and declares such a conspiracy to be a misdemeanor. The question presented is whether section 7030 was intended to be the exclusive penal provision governing a conspiracy to violate section 7028, or are the provisions of that section alternative to those of section 182 of the Penal Code.

■ "It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; and where the general act is later the special statute will be considered as remaining an exception to its terms unless it is repealed in general words or by necessary implication." (*People* v. *Breyer,* 139 Cal.App. 547, 550 [34 P.2d 1065]; *Riley* v. *Forbes,* 193 Cal. 740, 745 [227 P. 768].)

■ Section 182 of the Penal Code is a general statute which covers the field of conspiracies. One of its provisions includes a conspiracy to "commit any crime." Section 7030 of the Business and Professions Code, however, deals with the specific crime of conspiring to violate certain licensing provisions of that code. When both sections are considered, the latter clearly is a specific enactment which controls the former one.

■ Section 7030 does not prescribe the penalty for a violation of it, other than to specify that any such violation shall constitute a misdemeanor. Section 19 of the Penal Code states: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding five hundred dollars, or by both." No "different punishment" is fixed by section 7030, and unless some other statute may be said to apply, the maximum period of confinement for a violation of section 7030 is six months.

The only other statute suggested as applicable is section 182 of the Penal Code which authorizes the court to impose as punishment for a conspiracy to commit a misdemeanor, either confinement in the county jail for a period not in excess of one year or imprisonment in the state prison for not longer than three years. Under that provision a sentence of one of the alternative punishments would constitute the crime

a felony. (*Cf. People* v. *Campbell*, 1 Cal.App.2d 109, 113 [36 P.2d 198].) To conclude that the punishment for the violation of section 7030 of the Business and Professions Code is stated in section 182 of the Penal Code, which deals with conspiracies in general, would be inconsistent with the designation of the particular conspiracy as a misdemeanor.

This construction of the statutes carries out the legislative objective which was stated in the Contractors' Licensing Act (Stats. 1929, ch. 791), the statutory predecessor of section 7030. Immediately before its enactment in the Business and Professions Code, that act declared, "Any person, who acts in the capacity of a contractor within the meaning of this act without a license as herein provided, and any person who conspires with another person to violate any of the provisions of this act, is guilty of a misdemeanor, and shall, upon conviction thereof, be punished by a fine not to exceed five hundred dollars, or by imprisonment in the county jail for a term not to exceed six months, or by both such fine and imprisonment, in the discretion of the court."

Because the crime committed by Williamson is a misdemeanor punishable under section 19 of the Penal Code, a question is presented as to whether the superior court had jurisdiction of the action.

Section 1425 of the Penal Code provides: "Justice courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, punishable by fine not exceeding one thousand dollars ($1000), or imprisonment not exceeding six months, or by both such fines and imprisonment, . . . except those of which other courts are given exclusive jurisdiction; . . ." The last paragraph of section 182 reads: "All cases of conspiracy may be prosecuted and tried in the superior court of any county in which any overt act tending to effect such conspiracy shall be done."

██ "[T]he legislature may vest the jurisdiction of all misdemeanors in inferior courts established by the legislature within the county, the effect of which is to entirely deprive the superior court of jurisdiction of all misdemeanors within the county." (*People* v. *Mulholland*, 16 Cal.2d 62, 64 [104 P.2d 1045].) ██ Even if section 182 is a statute providing for jurisdiction rather than one fixing venue, it does not authorize the superior court to hear and determine an action in which one is charged with the commission of a conspiracy which is a misdemeanor. The word "may" is not usually

656

construed as laying down an absolute requirement. ■ The statute does not, therefore, state a legislative intention to give exclusive jurisdiction to the superior court of all prosecutions based upon an asserted conspiracy and, for that reason, does not fall within the exception stated in section 1425.

The writ of habeas corpus is granted, the return to the order to show cause shall stand as the return to the writ, and the sheriff of Sonoma County is ordered to discharge the petitioner from custody forthwith.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.