## Appellate Department, Superior Court, San Diego

[Civ. A. No. 200683. Dec. 16, 1955.]

THE PEOPLE, Respondent, v. WILLIAM SILK, Appellant.

Clinton F. Jones for Appellant.

James Don Keller, District Attorney, and Arnold O. Steele, Deputy District Attorney, for Respondent.

BURCH, J. The question on this appeal is whether violations of the Old Age Pension Act (Welf. & Inst. Code, §§ 2000-2230), admittedly punishable under the Act (Welf. & Inst. Code, §§ 2007-2008), may also be punished alternatively under the theft statute of the Penal Code. (Pen. Code, § 484.)

The amended complaint (criminal) charges two violations of section 484 of the Penal Code, one on November 1, 1953, another on December 1, 1953, in that he did:

". . . wilfully and unlawfully . . . by false and fraudulent representation and pretense, defraud . . . the County of San Diego . . . of $25 . . . in violation of Section 484 of the Penal Code. . . ."

The proof offered at the trial in support of the conviction established the fact in each case that defendant represented

on his written application for aid that he was not receiving $20 as social security from the United States government. He was receiving this social security. By reason of the misrepresentation he obtained illegally excess allowances as aid in these amounts to the detriment of the county and contrary to the provisions of the Old Age Pension Act. To knowingly obtain aid to which the applicant is not entitled under the act is a misdemeanor by the terms of section 2007 of the Welfare and Institutions Code. By section 2008 it is a misdemeanor to knowingly violate any provision of the Act for which no penalty is specifically provided.

The act seeks to secure for every aged person the maximum amount of aid to which he is entitled without attempting to elicit any information not necessary to carry out its provisions. (§ 2142.5.) The State Department of Social Welfare provides a form of application to be filled out by the applicant and verified under oath. (§ 2180.) It is clear that defendant violated the provisions of the act in verifying a false return with knowledge of the fact and that he obtained thereby aid to which he was not entitled; that thereby he is guilty of a misdemeanor by reason of the sections referred to above. The act deals with a special subject in a comprehensive way and carries its own sanctions apart from the crimes defined in the general law. (See *Hurst* v. *City of Burlingame*, 207 Cal. 134, 141 [277 P. 308].) Among the latter is the offense of obtaining money by false pretenses, forbidden by section 484 of the Penal Code.

A conflict arises between the respective legislative provisions if each covers the same offense.

"It is well settled, that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." (*Rose* v. *State*, 19 Cal.2d 713, 723, 724 [123 P.2d 505].)

The rule was early pronounced in *People* v. *Breyfogle*, 17 Cal. 504, and where applicable has been consistently adhered to since. It was reaffirmed in *In re Williamson*, 43 Cal.2d 651, 654 [276 P.2d 593], where the court defined the character of the applicable special statute as "an exception or qualification" of the prior general one. The Williamson case is of particular interest because the conflict between the special

and general legislation was of like nature to the conflict noted here. There the contractor's license law (Bus. & Prof. Code, §§ 7028, 7030) was held to conflict with subdivision 1 of section 182 of the Penal Code. After quoting the general rule to the effect that a conflict existed where the general statute standing alone would include the same matter as the special act, the opinion continues:

"Section 182 of the Penal Code is a general statute which covers the field of conspiracies. One of its provisions includes a conspiracy to 'commit any crime.' Section 7030 of the Business and Professions Code, however, deals with the specific crime of conspiring to violate certain licensing provisions of that code. When both sections are considered, the latter clearly is a specific enactment which controls the former one."

The failure of the special act to prescribe the penalty for a violation of it "other than to specify that such violation shall constitute a misdemeanor" is then shown to be immaterial to the determination that a conflict exists and the specific statute controls.

It is suggested that the Williamson case is not controlling here because it is said the Legislature specifically provided that conspiracies to violate the Contractors' Licensing Act should be prosecuted under section 7030 of the Business and Professions Code. As we read sections 2007 and 2008 of the Welfare and Institutions Code, the similarity of words and phrases used to express the legislative intent that the specific statute should control over the general in prosecuting violations is equally apparent in both acts. Thus section 7030 of the Business and Professions Code reads:

"Any person who acts in the capacity of a contractor without a license, and any person who conspires with another person to violate any of the provisions of this chapter, is guilty of a misdemeanor."

Section 2007 of the Welfare and Institutions Code reads in part in language of similar import:

"Any person who, knowing he is not entitled thereto, obtains or attempts to obtain aid to which he is not entitled . . . is guilty of a misdemeanor. . . ."

The conflict between the general and specific law which is controlling here also appears from the fact that proof of such violation would meet the issues of the complaint drawn under section 484 of the Penal Code, excepting only for the rule that the specific statute controls over the general.

Since the material proof was exclusively a specific violation of section 2007, that section controls to the exclusion of Penal Code, section 484.

Judgment is reversed.

Turrentine, P. J., and Glen, J., concurred.