Filed 1/7/16  P. v. Fernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063653 |
| v. | (Super.Ct.No. FVI902287) |
| STEVEN JOSEPH FERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam I. Morton, Judge.  Affirmed.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Steven Joseph Fernandez was charged by felony complaint with receiving a stolen vehicle.  (Pen. Code,[1] § 496d, subd. (a), count 1.)  The complaint also alleged that defendant had one prior strike conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and had served two prior prison sentences  (§ 667.5, subd. (b)).  Pursuant to a plea agreement, defendant pled guilty to count 1 and admitted the two prison priors.  The parties stipulated that the police reports provided a factual basis for the plea.  The court immediately sentenced defendant to the agreed-upon term of three years four months in state prison and dismissed the remaining allegation.  Defendant subsequently filed a petition for resentencing, pursuant to section 1170.18 (Proposition 47).  The court found him ineligible for relief and denied the petition.  Defendant now appeals from the denial of his petition for resentencing.  We affirm.

PROCEDURAL BACKGROUND

On October 22, 2009, defendant entered a plea agreement and pled guilty to one count of receiving a stolen vehicle.  (§ 496d, subd. (a).)  The court sentenced him to three years four months in state prison, in accordance with the plea agreement.

On April 9, 2015, defendant filed a petition for resentencing, pursuant to Proposition 47, to have his felony designated as a misdemeanor.  (§ 1170.18.)  On May 15, 2015, the court found that defendant did not qualify for resentencing under Proposition 47 and denied the petition.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

<u>DISCUSSION</u>

<u>The Court Properly Found Defendant Ineligible for Relief Under Proposition 47</u>

Defendant argues that he was entitled to have his felony conviction for receiving a stolen vehicle (§ 496d, subd. (a)) reduced to a misdemeanor, pursuant to Proposition 47. We disagree.

A. *Relevant Law*

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

B. *Receiving a Stolen Vehicle is Not Enumerated in Section 1170.18*

Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, are: shoplifting where the property value does not exceed $950 (§ 459.5); petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950

3

(§490.2); and receiving stolen property where the property value does not exceed $950 (§ 496). (§ 1170.18, subd. (a).) Section 1170.18 does not list section 496d, the offense at issue in the present appeal, as one of the code sections amended or added by Proposition 47. In other words, as this court recently held, receiving a stolen vehicle is not now a misdemeanor under Proposition 47. (*People v. Garness* (2015) 241 Cal.App.4th 1370 [Fourth Dist., Div. Two].) Thus, defendant is simply not statutorily eligible for relief under section 1170.18.

Defendant concedes that Proposition 47 does not include section 496d. Nevertheless, he contends his conviction should be reduced to a misdemeanor. He asserts that Proposition 47 reduced "the parallel crime of vehicle theft (§ 487, subd. (d)), and the crime of receiving or concealing stolen property (§ 496, subd. (a)), to misdemeanors when the value of the property stolen does not exceed $950." He further states that Proposition 47 added section 490.2, subdivision (a), which provides that: "Notwithstanding Section 487 . . . obtaining any property by theft where the value of the money . . . or personal property taken" is under $950 shall be considered misdemeanor petty theft. He reasons that Proposition 47 makes stealing a car valued under $950 a petty theft crime, through section 490.2, subdivision (a). Defendant then claims, "Reading the statutes as a whole, the correct conclusion is that Proposition 47, which reduced low-value stealing a car to a misdemeanor, was *intended* to create a parallel exception to the crime of receiving a low-value stolen car." (Italics added.) However, to construe Proposition 47 to include receiving a stolen vehicle (§ 496d) would violate the

4

cardinal rule of statutory construction. ""When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it."" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) Proposition 47 lists a specific series of crimes that qualify for reduction to a misdemeanor, separated with the conjunction "or" and ending with the phrase "as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) That list does not include section 496d, receiving a stolen vehicle. "The legislative inclusion of the . . . crimes . . . necessarily excludes any other[s]." (*People v. Gray* (1979) 91 Cal.App.3d 545, 551.) Based on the statutory language, the court properly denied defendant's petition to reduce his conviction to a misdemeanor.

Moreover, even if defendant's statutory interpretation of Proposition 47 was correct, he failed to show that he was eligible for relief. "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).) Defendant had the burden to show the value of the stolen vehicle did not exceed $950 to establish eligibility for resentencing under section 1170.18. However, he did not provide any supporting documentation and did not cite to the record or other evidence. He simply failed to meet his burden of proof. We further note that there is apparently no finding of fact of the value of the stolen vehicle in the trial record. (See § C., *post*.)

In his reply brief, defendant claims that *the prosecution* must bear the burden of proof that the value of the property exceeded $950, asserting that it would violate due process to place the burden of proof on him. However, his argument and the authorities

he cites are based on the prosecutor's burden of proof in the *initial prosecution* for an offense. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880.) The resentencing provisions of Proposition 47 "deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt." (*Ibid*.) Contrary to defendant's claim, the prosecution does not have the burden to prove a defendant is *not* eligible for resentencing. Rather, the burden is on the petitioner to prove that he is eligible for the resentencing he is requesting. (*Id*. at p. 878.)

Defendant urges this court not to follow *Sherow*, claiming that it is distinguishable and irrelevant. However, *Sherow* squarely answered the question of who bears the burden of proof on a Proposition 47 petition. In that case, the defendant petitioned for resentencing of his second degree burglary convictions, but "the petition . . . gave virtually no information regarding Sherow's eligibility for resentencing." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) The *Sherow* court cited the well-settled principle that "'"[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."'" (*Id*. at p. 879.) The court held that the petitioner had the burden of establishing eligibility for resentencing under Proposition 47. (*Id*. at p. 878.) Since the defendant in that case failed to do so, the court affirmed the trial court's denial of his petition for resentencing. (*Id*. at pp. 880-881.) Like the defendant in *Sherow*, defendant here did not satisfy his burden of proof.

6

C. *Defendant Has Not Shown an Equal Protection Violation*

Defendant also claims that equal protection principles require that his conviction for receiving a stolen vehicle be reduced to a misdemeanor. The problem is that defendant has not demonstrated that his conviction for receiving a stolen vehicle places him in a class of persons similarly situated to those who receive relief under Proposition 47. (See *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253 ["'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'"].)

Defendant specifically contends that persons who steal a low-value car (under $950) are similarly situated to persons who receive or conceal the same stolen car. Assuming arguendo that stealing a vehicle worth less than $950 would be a misdemeanor petty theft under Proposition 47 (§§ 490.2, 1170.18), defendant has failed to demonstrate that he was similarly situated, since he has not shown that the stolen vehicle he received was worth less than $950. The record of conviction showed only that he "did unlawfully buy and receive [a] Maroon 1987 Toyota Pickup . . . that was stolen and had been obtained in a manner constituting theft and extortion" Defendant did not attach to his petition for resentencing any evidence of the "value of the . . . personal property taken." (§ 490.2.) Therefore, he has failed to establish an equal protection violation and has shown no error in the denial of his petition for resentencing.

7

Finally, we note that defendant raises, for the first time in his reply brief, the claim that "post-Proposition 47, a conviction for receiving a stolen vehicle would violate the [*In re*] *Williamson* [(1954) 43 Cal.2d 651] preemption rule."  "Withholding a point until the reply brief deprives the respondent of an opportunity to answer it, however.  Hence, a point raised for the first time therein is deemed waived and will not be considered, unless good reason is shown for failure to present it before."  (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29, fn. omitted.)  No good cause is shown here.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST          
        J.


We concur:


RAMIREZ          
    P. J.


McKINSTER          
    J.