Filed 8/17/16

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>ANGEL ANTONIO MEDELEZ,<br><br>   Defendant and Appellant. | 2d Crim. No. B262429<br>(Super. Ct. No. 1446024)<br>(Santa Barbara County) |

Angel Medelez contacted a minor with intent to engage in oral sex (Pen. Code,[1] § 288.3, "luring"), and then took a direct but ineffectual act toward his goal (§§ 664, 288a, subd. (b)(1), "attempt"). Here we decide he may be convicted of both crimes because luring is not a special statute intended to preclude prosecution for attempt, and neither crime is the lesser included offense of the other.

Medelez appeals judgment after conviction by jury of three sex offenses against his adult roommate and two sex offenses against a minor. (§§ 288a, subds. (f) & (i), 243.4, subd. (e)(1), 288.3, subd. (a), 664, 288a, subd. (b)(1).) The trial court sentenced Medelez to six years eight months in prison, including two consecutive sentences of four months each for attempt to orally copulate a minor (§§ 664, 288a, subd. (b)(1)) and luring the minor with intent to orally copulate (§ 288.3, subd. (a)).

---

[*] Pursuant to rules 8.1105(b) and 8.1110 of the California Rules of Court, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

[1] All further statutory references are to the Penal Code.

We stay the four-month sentence for attempted oral copulation (§ 654), correct the abstract of judgment to delete a dismissed count, and otherwise affirm.

In the unpublished portion of the opinion, we consider and reject Medelez's contention that all his convictions must be reversed because the trial court dismissed a juror during trial without good cause. (§ 1089.)

BACKGROUND

In August 2013, Medelez drugged and orally copulated his unconscious adult male roommate. (§§ 288a, subds. (f) & (i), 243.4, subd. (e)(1).)

Two months later, he tried to orally copulate a minor. Medelez met 16-year-old A.P. at work. Medelez offered him a job, and A.P. returned that evening to learn more about it. Medelez drove A.P. to a remote place and offered him money in exchange for oral sex. When A.P. refused, Medelez told A.P. to take off his pants. A.P. did because he was afraid. Medelez showed A.P. pornographic pictures. Medelez "was about to lean in," but A.P. pulled up his pants and stopped Medelez.

[[During trial, a juror expressed concern about his own impartiality. He told the court that a testifying detective investigated him one year earlier when a student accused the juror (a college professor) of "inappropriate contact" with her at her residence. The detective's name was not on the witness list in voir dire because she testified as a substitute witness. The trial court questioned, removed, and replaced the juror.]]

DISCUSSION

*Special vs. General Doctrine*

Medelez contends he cannot be convicted of both attempted oral copulation of a minor (§§ 664, 288a, subd. (b)(1)) and luring a minor with intent to orally copulate (§ 288.3) because the Legislature intended the luring statute to supplant attempted oral copulation with a minor. (*In re Williamson* (1954) 43 Cal.2d 651, 654 (*Williamson*).) His argument lacks merit because the statutes cover different conduct.

If a general statute covers the same conduct as a specific ("special") statute, courts generally infer that the Legislature intended the conduct to be prosecuted only

2

under the special statute.  (*People v. Murphy* (2011) 52 Cal.4th 81, 86; *Williamson*, *supra*, 43 Cal.2d at p. 654.)  This rule applies if "(1) 'each element of the general statute corresponds to an element on the face of the special statute' or (2) . . . 'it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute.'  [Citation.]" (*People v. Murphy*, *supra*, at p. 86.)  It does not apply "if the more general statute contains an element that is not contained in the special statute and that element would not commonly occur in the context of a violation of the special statute."  (*Id*. at p. 87.)

Here, the "general" statute (attempt) contains an element that is not contained on the face of the more recently enacted "special" statute (luring).  Attempt requires a direct but ineffectual act that goes beyond mere preparation.  (§ 21a; *People v. Clark* (2011) 52 Cal.4th 856, 948.)  Luring does not.

Luring may be committed by a "contact or communication" that is preparatory or indirect.  (§ 288.3, subd. (b) ["communication" includes "indirect contact or communication . . . by use of an agent or agency"]; see, e.g., *People v. Sigur* (2015) 238 Cal.App.4th 656, 659 [luring by means of Internet chat]; *People v. Keister* (2011) 198 Cal.App.4th 442, 445 [luring by means of sexually explicit notes].)  In contrast, an "attempt" must be more than preparatory; the defendant must unequivocally put his plan into action so that it will be carried out if it is not interrupted.  (*People v. Clark*, *supra*, 52 Cal.4th at p. 948.)  The Legislature did not intend luring to supplant prosecutions for attempt; it was casting a wider net.  (Ballot Pamp., Gen. Elec. (Nov. 7, 2006) text of Prop. 83, p. 127 [purpose of Proposition 83 is "to strengthen and improve the laws that punish and control sexual offenders"].)  Medelez engaged in preparatory communication and a direct act.  He is guilty of both crimes.

### Lesser Included Offense

Medelez's multiple convictions for luring with intent to orally copulate a minor and attempt to orally copulate a minor are authorized because neither crime is a necessarily included offense of the other.

Multiple convictions based on necessarily included offenses are prohibited. (*People v. Sanders* (2012) 55 Cal.4th 731, 736.)  An offense is necessarily included if the statutory elements of one crime include all the statutory elements of another, such that the first cannot be committed without necessarily committing the second.  (*Id*. at p. 737.)

Attempt is not a necessarily included offense of luring, because luring can be committed without a "direct . . . act," as we have explained.  (Cf. §§ 21a, 288.3.)

Luring is not a lesser included offense of attempted oral copulation, because attempt can be committed without contacting or communicating with the victim. (See, e.g., *People v. Bonner* (2000) 80 Cal.App.4th 759, 763 [sufficient evidence of attempt to rob where defendant never came near to, or spoke to, his victims but lay in wait with a pistol].)

### *Multiple Punishments*

Medelez cannot be punished for both attempted oral copulation and luring because the crimes were based on a single intent and objective, as the People concede. (§ 654.)  We modify the sentence to stay imposition of the attempted oral copulation conviction, because the sentences for attempt and luring are of equal duration.  (*People v. Butler* (1996) 43 Cal.App.4th 1224, 1248.)

### [[*Juror Removal*

Medelez contends all his convictions must be reversed because the trial court excused a juror whose inability to serve does not appear as a demonstrable reality in the record.  We disagree.

The trial court may remove a juror midtrial when "upon . . . good cause shown to the court [the juror] is found to be unable to perform his or her duty."  (§ 1089.) A trial court has broad discretion to investigate and remove a juror in the midst of trial if it finds that, for any reason, the juror is no longer able or qualified to serve.  (*People v. Bennett* (2009) 45 Cal.4th 577, 621.)  The court's discretion must be exercised "with great care," and the juror's inability to serve must appear as a "demonstrable reality" in the record.  (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1052.)  Applying this "heightened standard of review," we will affirm the trial court's decision to remove a

4

juror only if we are "confident" that the removal "is manifestly supported by evidence on which the court actually relied." (*People v. Armstrong* (Aug. 11, 2016, S130659) __ Cal.4th __ [2016 DJDAR 8258, 8264].)

The juror's statements established his inability to serve as a demonstrable reality. After the detective's testimony, the juror told the court that his recent personal experience of being investigated by her was a "bad memory" he was "trying to put . . . behind [him]." The court asked if he could be neutral. The juror said, "I don't know." When the court asked "would it have made a difference to you in terms of your ability to judge all witnesses utilizing the same standards . . . ," the juror responded, "Well, I think I'm capable of doing that. It's just that it brought up a memory for me. So, you know, if I knew at the outset, I might have asked you to be excused at that time just so that I wouldn't have to, you know, see it, but as it happened, it was unexpected, so here we are." The court relied on these statements when it found the juror was unable to serve. The court explained, "It sounds to me as though that circumstance is still fresh enough in your experience that it gives you concern about whether you can go through this trial and focus just on the issues . . . ." The record supports its finding.

Medelez argues that the detective's testimony was not important, so it could not have greatly affected the juror's impartiality. We will not interfere with the trial court's assessment that the juror was "very uncomfortable because of the recent circumstance that Detective Bedolla investigated him." (*People v. Debose* (2014) 59 Cal.4th 177, 202 [we do not reweigh evidence because the trial court is in the best position to assess a juror's state of mind].)

Medelez relies on double jeopardy cases for his assertion that he had a constitutional right to have his trial completed by the selected jury. (*Wade v. Hunter* (1949) 336 U.S. 684, 689; *United States v. DiFrancesco* (1980) 449 U.S. 117, 128-129; *People v. Batts* (2003) 30 Cal.4th 660, 679.) But "a juror may be substituted without jeopardy attaching if [as is the case here] good cause for dismissal of the juror exists." (*People v. Taylor* (1961) 189 Cal.App.2d 490, 495.)]]

5

*Abstract of Judgment - Dismissed Count*

The abstract of judgment incorrectly states Medelez was convicted of exhibiting harmful material to a minor under section 288.2, subdivision (a)(2) (count 4 of the information). We correct it to reflect that this charge was dismissed after the jury was unable to reach a verdict on it. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The verdict is modified to stay the four-month sentence for attempted oral copulation of a minor (count 5, Pen. Code, §§ 654, 288a, subd. (b)(1)) pending service of the sentence for luring (count 3, Pen. Code, § 288.3, subd. (a)). The superior court is directed to amend the abstract of judgment to reflect the modification and to reflect dismissal of count 4 (Pen. Code, § 288.2, subd. (a)(2)), and to forward a certified copy to the Department of Correction and Rehabilitation. As modified, the judgment is affirmed.

CERTIFIED FOR PARTIAL PUBLICATION.


TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

6

Frank J. Ochoa, Jr., Judge

Superior Court County of Santa Barbara

_____


Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.