BAKER, Acting P. J., Concurring
I concur in the majority's analysis of defendant Michael Joseph's (defendant's) claim that there was insufficient evidence to support his conviction for robbery. I write separately to outline why I agree the other claim defendant raises-that the rule espoused in In re Williamson (1954) 43 Cal.2d 651, 276 P.2d 593 ( Williamson ) should have barred his prosecution for felony perjury under Penal Code section 118 -must be rejected.
As the majority correctly explains, the Williamson rule is a rule of statutory interpretation. ( People v. Walker (2002) 29 Cal.4th 577, 586, 128 Cal.Rptr.2d 75, 59 P.3d 150 ["The rule is not one of constitutional or statutory mandate, but serves as an aid to judicial interpretation when two statutes conflict"].) In theory, the rule's counsel is straightforward and sensible: "[I]f a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute." ( People v. Murphy (2011) 52 Cal.4th 81, 86, 127 Cal.Rptr.3d 78, 253 P.3d 1216 ( Murphy ).) As the reasoning goes, " '[t]he fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply.' " ( Ibid .) As I will explain, however, things seem to get more complicated in practice.
Resolving an issue the Murphy Court expressly declined to reach ( Murphy , supra , 52 Cal.4th at p. 92, fn. 1, 127 Cal.Rptr.3d 78, 253 P.3d 1216 ), today's opinion holds defendant's endorsement of a CHP-180 form to report his vehicle stolen cannot form the basis of a prosecution under the general perjury statute because the Legislature has enacted a special misdemeanor statute ( Veh. Code, § 10501 ) that punishes false vehicle theft reporting. The majority so holds not because the elements of Penal Code section 118 perjury correspond to the elements of Vehicle Code section 10501 -it is undisputed they do not-but on the theory that a violation of *393 Vehicle Code section 10501 will commonly result in a violation of Penal Code section 118 because the CHP-180 form includes a penalty-of-perjury advisement and CHP-180 forms are commonly used to report vehicles stolen. (See generally People v. Jenkins (1980) 28 Cal.3d 494, 502, 170 Cal.Rptr. 1, 620 P.2d 587 [ Williamson rule can apply for either of two reasons: (1) because each element of a general statute corresponds to an element on the face of a more specific statute, or (2) because "it appears from the entire context that a violation of the 'special' statute will necessarily or commonly result in a violation of the 'general' statute"].)
That conclusion follows directly from the rationale in Murphy . In that case, our Supreme Court believed "it seem[ed] safe to assume" that completion and endorsement of CHP-180 forms "is one of the most common means of violating Vehicle Code section 10501." ( Murphy , supra , 52 Cal.4th at p. 94, 127 Cal.Rptr.3d 78, 253 P.3d 1216.) The Murphy Court conceded the record in that case did not reveal how frequently the form was used, but there was at least testimony from the officer who took the stolen vehicle report in that case "that he would fill out such a form whenever someone reported a stolen vehicle." ( Ibid . ) As outlined by the majority, we have the equivalent minimal testimony in this case.
Aspects of the analysis in Murphy do, however, provoke further thought. As applied in Murphy , the Williamson rule, which is a maxim of sorts for determining legislative intent, can turn not just on logical inferences or legal requirements but on real-world practical facts. That is, the Murphy Court believed it could infer filing of a CHP-180 form is one of the most common means of violating Vehicle Code section 10501 (an empirical fact, and one that is subject to change over time) and determined, "[c]onsequently," a violation of the specific statute, Vehicle Code section 10501, would commonly result in a violation of the general statute, Penal Code section 118. ( Murphy , supra , 52 Cal.4th at p. 94, 127 Cal.Rptr.3d 78, 253 P.3d 1216.) This determination then led to the further inference that "under the Williamson rule, ... the Legislature, in specifying that such conduct constitutes a misdemeanor, intended to create an exception to the felony punishment specified in the more general statute." ( Ibid . )
When a "commonly result[s]" analysis under the Williamson rule depends on a dynamic, factual premise (how often it is stolen vehicle reports are made via a CHP-180 form, use of which does not appear to be compelled by State law or rule), it would seem a further showing must be made to draw the legislative intent inference at the heart of the rule. That is, a defendant must show not only what the common practice is, but that the common practice existed at the time the relevant special statute was enacted (or perhaps substantively amended). When the practice at issue is not a fact in common knowledge (and I would argue use of CHP-180 forms is not), determining the prevalence of the practice at the time the Legislature acted, and the Legislature's awareness of the practice, provide the key indicia of the Legislature's intent.
That is not how Murphy applied the Williamson rule, however, and I believe Murphy 's application is controlling. I therefore concur in the majority's disposition of defendant's appeal.