Filed 5/11/23  P. v. McKenzie CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTWAN McKENZIE, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B319489<br>(Super. Ct. No. 21F-03938)<br>(San Luis Obispo County)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 26, 2023, be modified as follows:

On page 1, on the last line, the words "30 years old" are changed to "29 years old."

There is no change in the judgment.

Appellant's petition for rehearing is denied.

GILBERT, P.J.            YEGAN, J.            BALTODANO, J.

Filed 4/26/23  P. v. McKenzie CA2/6 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTWAN McKENZIE, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B319489<br>(Super. Ct. No. 21F-03938)<br>(San Luis Obispo County) |

Antwan McKenzie, Jr. appeals an order granting probation following his conviction of contacting a minor, where he was at least 10 years older than the victim, with the specific intent to commit a sexual offense.  (Pen. Code, §§ 288.3, subd. (a), 288, subd. (c)(1).)[1]

This appeal concerns McKenzie's felony conviction resulting from his text communications to the 15-year-old babysitter of his children, with the specific intent to commit a sexual offense.  At the time, McKenzie was 30 years old and

---

[1] All statutory references are to the Penal Code.

married to the babysitter's aunt.  On appeal, McKenzie raises issues regarding the trial court's failure to reduce his felony conviction to a misdemeanor.  (§ 17, subd. (b); *In re Williamson* (1954) 43 Cal.2d 651 (*Williamson*).)  He also challenges the imposition of sex offender registration, claiming that the lifetime registration requirement violates his constitutional rights to equal protection of the law.  We reject these contentions and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

In 2020, McKenzie was married to A.S. and together they had five children.  Fifteen-year-old S.E. frequently babysat the children.  A.S. was S.E.'s aunt and McKenzie communicated by text with S.E. from time to time regarding the children.  S.E. "didn't think too much of it because [she was] watching the kids."

Some of McKenzie's text messages made S.E. uncomfortable because they were inappropriate.  On August 6, 2020, McKenzie texted that he desired to be in a Jacuzzi and later texted a photograph of a man lying in bed.  McKenzie also texted that S.E. should delete his messages to her.  McKenzie frequently asked S.E. where she was and with whom.  S.E. did not inform her mother of these text messages because McKenzie was her uncle and she wanted to retain her paid babysitting job.

In September 2020, McKenzie texted S.E. and invited her to accompany his family on a trip to Pismo Beach.  S.E. agreed.  McKenzie had earlier referenced obtaining a Jacuzzi suite.  S.E. and the family stayed in the same hotel room.

During the Pismo Beach sojourn, McKenzie repeatedly texted S.E. and urged her to enjoy the Jacuzzi with him and smoke marijuana.  He texted that his family was asleep and that

2

he wanted to kiss S.E.  McKenzie also offered S.E. money and stated he wanted to touch her "petite ass."

S.E. contacted her mother and later the Pismo Beach Police Department by text to complain regarding McKenzie.  Upon S.E.'s return home, she and her mother filed a police complaint.  Police officers retrieved the text messages from S.E.'s cellular telephone.  Later, officers obtained a search warrant for McKenzie's cellular telephone account from his mobile provider.

The jury convicted McKenzie of contacting a 15-year-old minor, where he was at least 10 years older than the minor, with the specific intent to commit a sexual offense.  (§§ 288.3, subd. (a), 288, subd. (c)(1).)  The jury also separately found that McKenzie took advantage of a position of trust or confidence to commit the sexual offense.  The trial court suspended imposition of sentence and placed McKenzie on formal probation for two years with the condition, among others, that he serve 200 days confinement in county jail.  The court also ordered McKenzie to register for life as a sex offender pursuant to section 290.

McKenzie appeals and contends that the trial court erred by:  1) not reducing his felony conviction to a misdemeanor violation of section 647.6, subdivision (a)(1), pursuant to *Williamson*, *supra*, 43 Cal.2d 651; 2) not treating his conviction as a wobbler misdemeanor pursuant to section 17, subdivision (b); and 3) imposing a lifetime sex registration requirement.

*DISCUSSION*

*I.*

McKenzie argues that the *Williamson* rule requires that his criminal conduct be punished pursuant to the "special statute" section 647.6 ("Annoying or molesting children [under 18]"), rather than the "general statute" section 288.3.

3

Pursuant to *Williamson, supra*, 43 Cal.2d 651, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct be prosecuted exclusively under the special statute.  Thus, the special statute is interpreted as creating an exception to the general statute for conduct that otherwise could be prosecuted under either statute. (*People v. Murphy* (2011) 52 Cal.4th 81, 86.)  The *Williamson* preemption rule is applicable 1) when each element of the general statute corresponds to an element on the face of the special statute, or 2) when it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute.  (*Murphy*, at p. 86.) The rule does not apply when "a felony statute requires a more culpable mental state than a misdemeanor statute proscribing the same behavior."  (*Hudson v. Superior Court* (2017) 7 Cal.App.5th 999, 1007.)

Section 288.3, subdivision (a), provides:  "Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section . . . 288 . . . involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense." Section 288, subdivision (c)(1), provides:  "A person who commits an act described in subdivision (a) [lewd or lascivious act on child under 14 years] with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not

4

more than one year." Section 647.6, subdivision (a)(1), provides: "Every person who annoys or molests any child under 18 years of age shall be punished by a fine . . . by imprisonment in a county jail not exceeding one year, or by both . . . ."

The *Williamson* rule is inapplicable here considering either the statutory elements test or the statutory violation test. Here the prosecutor alleged that McKenzie had the specific intent to commit lewd or lascivious conduct pursuant to section 288, subdivision (c)(1), which prohibits lewd or lascivious conduct with a minor who is 14 or 15 years old and a defendant more than 10 years older than the minor. The elements of this statute include lewd or lascivious conduct and an age differential between the victim and defendant. Section 288.3 requires a contact or communication with a minor plus the specific intent to commit a section 288 or another enumerated sex offense. By contrast, section 647.6, subdivision (a)(1), requires annoyance or molestation of a child under 18 years and is a general intent crime. (*People v. Fromuth* (2016) 2 Cal.App.5th 91, 102.) A violation of section 647.6, subdivision (a)(1), would not necessarily cause a violation of sections 288.3 and 288, subdivision (c)(1).

In any event, application of the *Williamson* rule in the manner that McKenzie suggests would effectively render section 288.3 a nullity. In enacting section 288.3, the electorate expressed its intent to protect children from Internet predators. [2] (*People v. Korwin* (2019) 36 Cal.App.5th 682, 689-690.) As a general rule, the *Williamson* rule is simply a means of

---

[2] The Sexual Predator Punishment and Control Act: Jessica's Law (Prop. 83, as approved by voters, Gen. Elec. (Nov. 7, 2006), § 6.)

determining and effectuating legislative intent and should not be applied to defeat express legislative intent. (*People v. Jenkins* (1980) 28 Cal.3d 494, 502-503 [court must consider context of special statute in determining statutory overlap].)

*II.*

McKenzie asserts that the trial court did not exercise its discretion to treat his criminal conviction as a wobbler misdemeanor offense. He acknowledges that his attorney did not request misdemeanor treatment during sentencing and therefore contends that he received ineffective assistance of counsel. (*People v. Weddington* (2016) 246 Cal.App.4th 468, 491 [wobbler claim forfeited where defense counsel failed to request misdemeanor at sentencing].)

McKenzie has forfeited this argument because he did not request reduction of his offense to a misdemeanor. In his sentencing brief and at the sentencing hearing, McKenzie requested that the trial court place him on felony probation. A defendant may not remain silent at sentencing and later challenge the court's discretionary sentencing choices. (*People v. Weddington*, *supra*, 246 Cal.App.4th 468, 491.) Reduction of a wobbler offense to a misdemeanor is a discretionary sentencing choice that must be raised at sentencing. (*Ibid.*)

Forfeiture aside, the plain language of section 288.3, subdivision (a), states that every violation "shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense." This language tracks the language of section 17, subdivision (a), which states, "A felony is a crime that is punishable . . . by imprisonment in the state prison . . . . Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." If a penal

statute does not expressly characterize the crime as either a felony or a misdemeanor, the punishment specified " 'becomes the test.' " (*People v. Terry* (1996) 47 Cal.App.4th 329, 331.)

It is a legislative function to define crimes and prescribe punishment therefor. (*People v. Park* (2013) 56 Cal.4th 782, 789.) The Legislature has defined "a special class of crimes involving conduct that varies widely in its level of seriousness," commonly referred to as wobbler offenses. (*Ibid.*) These crimes may be charged or punished as a felony or misdemeanor. (*Ibid.*) This alternate punishment must be authorized by statute; a trial court has no power to reduce a straight felony to a misdemeanor. (*People v. Mauch* (2008) 163 Cal.App.4th 669, 674 [the definition of crimes and determination of punishment are matters within the legislative domain].)

Moreover, the Legislature and the electorate may consider the harm occasioned by some criminal attempts "to be on a par with a completed crime." (*People v. Moses* (2020) 10 Cal.5th 893, 911.) "It is their prerogative to enact statutes that reflect that determination." (*Ibid.*)

Section 288.3 was adopted by the electorate in November 2006 as Proposition 83 with a stated purpose of protecting children from sexual predators who use the Internet to victimize children. (*People v. Korwin*, *supra*, 36 Cal.App.5th 682, 689-690.) Making all violations of section 288.3 a felony, even where the underlying target crime is punishable as either a felony or misdemeanor, is consistent with the declared purpose of Proposition 83. (*People v. Medelez* (2016) 2 Cal.App.5th 659, 663.)

Nor does the "rule of lenity" save McKenzie's argument. That a completed lewd act with a minor could be treated as a

7

misdemeanor is of no moment because section 288.3 has defined all violations as felonies. This classification serves the statute's purpose of increasing punishment for predatory sexual offenders targeting minors. (*People v. Cornett* (2012) 53 Cal.4th 1261, 1271 [rule of lenity does not apply where court can discern a contrary legislative intent].)

Furthermore, McKenzie did not receive the ineffective assistance of counsel regarding this newly asserted claim on appeal. Counsel does not render ineffective assistance by failing to make motions or objections that are meritless. (*People v. Price* (1991) 1 Cal.4th 324, 387.)

*III.*

McKenzie argues that the lifetime sex offender registration for his section 288.3 conviction, based upon the target crime of section 288, subdivision (c)(1), violates his federal and state constitutional rights to equal protection of the law. (§ 290, subd. (d)(3)(C)(xi); *People v. Chatman* (2018) 4 Cal.5th 277, 288-289 [two-part showing required to establish violation of equal protection of the law].) He points out that a violation of section 288.3, based upon specific intent to commit other target offenses, such as sodomy, oral copulation, or penetration with a foreign object (absent certain age differentials), requires registration for only 10 or 20 years.

The constitutional guarantee of equal protection of the law means that persons similarly situated with respect to the purpose of the law must be similarly treated under the law. (*People v. Keister* (2011) 198 Cal.App.4th 442, 450 [rejecting various constitutional challenges to section 288.3].) If persons are not similarly situated for purposes of the law, an equal protection claim " 'fails at the threshold.' " (*Ibid.*)

8

McKenzie's claim fails because all defendants convicted pursuant to section 288.3 are not similarly situated. The statutory punishment for various target crimes rests upon multiple factors such as the age of the victim, the relative age of the defendant, and the severity of the conduct intended. Punishment for the criminal offenses of sodomy and oral copulation with a minor increases significantly based upon the age of the victim and relative age of the defendant. Depending upon the relative ages, lifetime sex registration may be required. (§§ 286, subd. (c)(1), 287, subd. (c)(1), 289, subd. (j), 290, subd. (d)(3)(C)(xi.).) "[A] defendant's age can provide a meaningful distinction between offense categories for equal protection purposes." (*Legg v. Department of Justice* (2022) 81 Cal.App.5th 504, 512 [potential for predatory behavior resulting from age difference between adult and minor warrants mandatory sex offender registration].) The lifetime registration requirement rests upon a rational basis of the relative age difference between the defendant and the victim. (*Ibid.*; *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887 [rational review requires acceptance of "gross generalizations and rough accommodations" by Legislature; perfect fit " ' "between means and ends" ' " not necessary].)

## DISPOSITION

The order of probation is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.                    BALTODANO, J.

9

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.