Filed 10/29/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGELO AMIR HENRY,<br><br>    Defendant and Appellant. | H044626<br>(Monterey County<br>Super. Ct. Nos. SS120317A,<br>              SS160618, MS338708A) |

Defendant Angelo Amir Henry was convicted by a jury of felony false personation (Pen. Code, § 529, subd. (a)(3))[1] after he gave a friend's name to a police officer at a traffic stop and signed a citation with that name. On appeal, he argues that his conviction under section 529, subdivision (a)(3) violates the "*Williamson* rule" (*In re Williamson* (1954) 43 Cal.2d 651 (*Williamson*)), which prohibits prosecution under a general statute when the conduct at issue is covered under a more specific statute. The specific statute at issue here is Vehicle Code section 40504, subdivision (b), which criminalizes as a misdemeanor the signing of a false or fictitious name on a promise to appear for a traffic citation. We agree that the *Williamson* rule applies and infer the Legislature intended that defendant's conduct be prosecuted as a misdemeanor under Vehicle Code section 40504, subdivision (b). We reverse the judgment.

---

[1] Unspecified statutory references are to the Penal Code.

BACKGROUND

1. *Case No. SS120317A*

On October 17, 2013, defendant pleaded no contest to a charge of assault with a firearm (§ 245, subd. (a)(2)). On January 17, 2014, the trial court suspended imposition of sentence and placed defendant on three years' probation.

2. *Case No. MS338702A*

On April 13, 2016, defendant pleaded no contest to a misdemeanor charge of driving with a suspended license (Veh. Code, § 14601.1, subd. (a)). He was placed on three years' probation. On April 22, 2016, defendant admitted a probation violation in case No. SS120317A due to his conviction in case No. MS338702A.

3. *Case No. SS160618A*[2]

a. **The Complaint and Information**

On April 15, 2016, the Monterey County District Attorney's office filed a complaint charging defendant with false personation, a felony (§ 529, subd. (a)(3)), driving with a suspended license, a misdemeanor (Veh. Code, § 14601.1), and failing to stop at a stop sign, an infraction (Veh. Code, § 22450, subd. (a)). The district attorney also filed an information alleging defendant had four prior strike convictions (§ 1170.12, subd. (c)(1)). The case was tried before a jury.

b. **The Trial**

On March 22, 2016, Monterey Airport Police Officer Alfred Porter stopped a car after it failed to stop at a stop sign. The driver, later identified as defendant, gave Porter a copy of a rental car agreement and said he did not have his driver's license with him. Defendant told Porter that his name was Ismael Pugh, and his birthdate was April 17, 1996. Porter relayed this information over the radio to police dispatch, which reported

---

[2] The facts in case Nos. SS120317A and MS338702A are irrelevant to the issue raised on appeal.

back that Pugh had a "clear and valid driver's license." Porter wrote defendant a citation under Pugh's name for driving without a license, and defendant signed the citation with Pugh's name and provided a thumbprint. Porter suspected defendant had not given him the correct name, so he asked a person in a car that was following defendant's car for defendant's name. The person in that car told Porter that defendant's name was Angelo Henry.

A subsequent investigation confirmed that defendant's name was Angelo Henry, and Ismael Pugh was the name of one of defendant's friends. Defendant told Officer Porter that he had a suspended license, which is why he had given Porter a different name during the traffic stop. During his trial, defendant explained that he was on probation when he was stopped by Porter, and he was worried he would be sent to prison if he gave his real name.

c. **The Verdict**

On January 31, 2017, the jury found defendant guilty of false personation and driving with a suspended license. The trial court found three of the four prior strike convictions true. Due to the charges in case No. SS160618A, the court found defendant had violated his probation in case Nos. SS120317A and MS338702A.

4. *Sentencing*

On April 7, 2017, defendant was sentenced to a total term of seven years in prison. In case No. SS160618A, the court sentenced defendant to the upper term of three years, which was doubled due to his prior strike convictions. In case No. SS120317A, the court revoked defendant's probation and imposed a consecutive one-year term. In case No. MS338702A, the court terminated probation and sentenced defendant to 180 days in county jail with credit for 180 days already served.

On appeal, defendant's sole argument is that his conviction of false personation under section 529, subdivision (a)(3) violates the *Williamson* rule (*Williamson*, *supra*, 43 Cal.2d 651), which prohibits prosecution under a general statute when the conduct at issue is prohibited under a more specific statute. Defendant argues his conduct should have been charged as a misdemeanor under Vehicle Code section 40504, subdivision (b), which criminalizes the signing of a false or fictitious name on a promise to appear for a traffic citation.

1. *The* Williamson *Rule*

The *Williamson* rule refers to the California Supreme Court's decision in *Williamson*, *supra*, 43 Cal.2d 651. "Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute. In effect, the special statute is interpreted as creating an exception to the general statute for conduct

---

[3] Defendant did not move to dismiss the count of felony false personation (§ 529, subd. (a)(3)) below, which would have been a proper method for him to challenge his prosecution under the more general statute when a more specific statute controlled. (See, e.g., *People v. Jenkins* (1980) 28 Cal.3d 494, 499.) Defendant, however, argues that we should reach the merits of his claims for multiple reasons: (1) his resulting sentence for the felony constituted an unauthorized sentence that is subject to review at any time even absent an objection (*People v. Scott* (1994) 9 Cal.4th 331, 354 [unauthorized sentence is one that cannot be lawfully imposed under the circumstances]), (2) as the reviewing court we can reach the merits of his arguments, because the issue involves a pure question of law based on undisputed facts (*People v. Yeoman* (2003) 31 Cal.4th 93, 118 [reviewing court may consider claim raising pure question of law based on undisputed facts]), and (3) if we find his argument was forfeited, his trial counsel was ineffective for failing to raise it below. The People do not argue forfeiture. Moreover, given that the issue is one of law based on undisputed facts, we believe it is appropriate for us to address the merits of his arguments.

4

that otherwise could be prosecuted under either statute." (*People v. Murphy* (2011) 52 Cal.4th 81, 86 (*Murphy*).)

"Absent some indication of legislative intent to the contrary, the *Williamson* rule applies when (1) 'each element of the general statute corresponds to an element on the face of the special statute' or (2) when 'it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute.' [Citation.] In its clearest application, the rule is triggered when a violation of a provision of the special statute would inevitably constitute a violation of the general statute." (*Murphy*, *supra*, 52 Cal.4th at p. 86.)

For example, in *Williamson*, the defendant was charged and convicted under the general conspiracy statute, section 182, which makes it unlawful for two or more persons to conspire to commit any crime. (*Williamson*, *supra*, 43 Cal.2d at pp. 652-653.) The defendant in *Williamson* argued his conduct was punishable only as a misdemeanor under former section 7030 of the Business and Professions Code, which criminalized conspiring with others to violate any provisions of " 'this chapter.' " (*Williamson*, *supra*, at p. 654.) The Supreme Court agreed with the defendant, finding that section 182 was a "general statute which covers the field of conspiracies," but "[former] [s]ection 7030 of the Business and Professions Code . . . deals with the specific crime of conspiring to violate certain licensing provisions of that code." (*Williamson*, *supra*, at p. 654.) Thus, when considering both sections, "the latter clearly is a specific enactment which controls the former one." (*Ibid*.)

"On the other hand, if the more general statute contains an element that is not contained in the special statute and that element would not commonly occur in the context of a violation of the special statute, we do not assume that the Legislature intended to preclude prosecution under the general statute. In such situations, because the general statute contemplates more culpable conduct, it is reasonable to infer that the

5

Legislature intended to punish such conduct more severely." (*Murphy*, *supra*, 52 Cal.4th at p. 87.)

In *People v. Watson* (1981) 30 Cal.3d 290, the California Supreme Court held the *Williamson* rule was inapplicable in a case where the defendant was charged with second degree implied malice murder following a fatal car crash. On appeal, the defendant had argued that the more specific statute of vehicular manslaughter applied. (*Id.* at p. 294.) The Supreme Court rejected this argument, finding that "[a] prosecution for murder under section 187 requires a finding of *malice*, while section 192 specifically defines manslaughter as a killing *without malice*." (*Id.* at p. 296.) The court further concluded that "in light of the malice requirement, a violation of the vehicular manslaughter statute would not necessarily or commonly result in a violation of the general murder statute." (*Ibid.*)

*Watson*, however, should not be read as holding that the *Williamson* rule is inapplicable whenever a general statute contains an element not found in a special statute. When determining whether the *Williamson* rule applies to a special statute, courts must look to its entire statutory context. " 'If it appears from the entire context that a violation of the "special" statute will necessarily or commonly result in a violation of the "general" statute, the *Williamson* rule may apply even though the elements of the general statute are not mirrored on the face of the special statute.' " (*Murphy*, *supra*, 52 Cal.4th at p. 87.)

An illustration of this principle is found in *People v. Ruster* (1976) 16 Cal.3d 690, overruled on a different point as stated in *People v. Jenkins* (1980) 28 Cal.3d 494, 503-504, footnote 9. In *Ruster*, the Supreme Court held that the defendant's crime could be prosecuted only under the specific statute criminalizing as a misdemeanor fraudulent representation to obtain unemployment benefits as opposed to the general statute criminalizing forgery. The general forgery statute had an element not contained in the specific statute—that the defendant sign the name of another to one of the documents

6

enumerated in the statute.  (*Ruster*, *supra*, at p. 698.)  The Supreme Court, however, applied the *Williamson* rule, concluding that "the Legislature unquestionably contemplated that the special statute might be violated by means of forgery.  Indeed, applying for aid under a false identity, which entails signing eligibility questionnaires and pay certification cards with a false name, is apparently one of the most common forms of unemployment insurance fraud."  (*Id*. at p. 699.)

Moreover, when a special statute can be violated in two different ways, one of which does not violate the general statute, the reviewing court should consider only if the present conduct at issue would commonly violate the general statute.  (*Murphy*, *supra*, 52 Cal.4th at p. 89.)  In *Murphy*, the Supreme Court determined the *Williamson* rule precluded the defendant's prosecution under the general statute, section 115, when his conduct violated Vehicle Code section 10501, which makes it "unlawful for any person to make or file a false or fraudulent report of theft of a vehicle required to be registered under this code with any law enforcement agency with intent to deceive."  (Veh. Code, § 10501, subd. (a); *Murphy*, *supra*, at pp. 89-91.)  Section 115 is broader than Vehicle Code section 10501, because it applies to a wider range of documents that may be filed in public office.  Section 115, subdivision (a), provides that "[e]very person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony."

In *Murphy*, the People argued the *Williamson* rule was inapplicable because a violation of Vehicle Code section 10501 would not commonly result in a violation of section 115.  The People opined that making a false *oral* report is a common means of violating Vehicle Code section 10501 that cannot violate section 115, which requires the filing of an *instrument*.  (*Murphy*, *supra*, 52 Cal.4th at p. 89.)  *Murphy* concluded that "even though the *making* of a false *oral* report of vehicle theft would not violate the

7

general statute, our analysis should focus on the question of whether the *filing* of a false vehicle theft report would necessarily or commonly result in a violation of Penal Code section 115." (*Id*. at p. 91.) Thereafter, *Murphy* concluded that the filing of a false vehicle theft report in violation of Vehicle Code section 10501 would commonly result in a violation of section 115, rendering *Williamson* applicable and precluding the defendant's prosecution under section 115. (*Murphy*, *supra*, at pp. 94-95.)

    2. *Application of the* Williamson *Rule to Defendant's Case*

In this case, defendant was charged and convicted under section 529, subdivision (a)(3). Section 529, subdivision (a) states in pertinent part: "Every person who falsely impersonates another in either his or her private or official capacity, and in that assumed character does any of the following: [¶] . . . [¶] (3) Does any other act whereby, if done by the person falsely personated, he might, in any event, become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty, or whereby any benefit might accrue to the party personating, or to any other person." Defendant, however, insists that under *Williamson*, he could have been prosecuted only under Vehicle Code section 40504, subdivision (b), which provides that "[a]ny person who signs a written promise to appear with a false or fictitious name is guilty of a misdemeanor . . . ."

We note that there are *two* ways in which the special statute, Vehicle Code section 40504, subdivision (b), can be violated. Vehicle Code section 40504, subdivision (b) can be violated by signing either a *false* or a *fictitious* name. The signing of a *fictitious* name would not constitute a violation of the general statute, section 529, subdivision (a)(3), which requires false personation. However, the fact that Vehicle Code section 40504, subdivision (b) can be violated in two different ways does not automatically preclude application of the *Williamson* rule. As explained by our Supreme Court in *Murphy*, if a special statute can be violated in two different ways, one of which

8

does not violate the general statute, courts should consider only if the conduct at issue would commonly violate the general statute. (*Murphy*, *supra*, 52 Cal.4th at p. 89.)

*Murphy* determined that other California Supreme Court cases have consistently applied the *Williamson* rule "without giving any consideration to the circumstance that a different clause of the special statute at issue could have been violated without violating the general statute." (*Murphy*, *supra*, 52 Cal.4th at p. 89.) In fact, the special statute contemplated in *Williamson* itself contained two separate clauses: it applied to " '[a]ny person who acts in the capacity of a contractor without a license, and any person who conspires with another person to violate any of the provisions in the chapter.' " (*Ibid*.) Nonetheless, the *Williamson* court held that "a defendant who violated the second clause could not be prosecuted under the general conspiracy statute," a determination that was reached "without regard for the circumstance that a violation of the first clause would not violate the conspiracy statute." (*Ibid*.; *Williamson*, *supra*, 43 Cal.2d at pp. 654-655.)

The parties acknowledge that a different panel of this court analyzed the applicability of the *Williamson* rule to the same statutes at issue here (§ 529, subd. (a)(3); Veh. Code, § 40504, subd. (b)) in *People v. Chardon* (1999) 77 Cal.App.4th 205 (*Chardon*), a case that predated *Murphy*. In *Chardon*, the court rejected the defendant's argument that a violation of Vehicle Code section 40504, subdivision (b) will commonly result in a violation of section 529, subdivision (a)(3). (*Chardon*, *supra*, at p. 214.) The court noted that "[w]hile a false signature on a promise to appear is an act that may commonly harm the person whose name is forged or benefit another, this is only one of the ways that Vehicle Code section 40504, subdivision (b) may be violated. An equally 'common' violation of Vehicle Code section 40504, subdivision (b) would be committed by signing a *fictitious* name on the promise to appear. A *fictitious* signature on a promise to appear cannot violate Penal Code section 529 . . . because the false personation statute applies only to impersonations of *real* persons." (*Ibid*.) Thus, the court held that

9

"Vehicle Code section 40504, subdivision (b) is *not* a special statute which controls over Penal Code section 529," rendering the *Williamson* rule inapplicable. (*Ibid*.)

Defendant argues that our Supreme Court's decision in *Murphy* implicitly overruled *Chardon*. The People disagree and insist that *Chardon* is still good law. We find defendant has the better argument, based on the reasoning of *Murphy* and the legislative history of Vehicle Code section 40504, subdivision (b). In *Murphy*, the People cited to our decision in *Chardon* to support its argument that "if the specific statute can be violated in two different ways, only one of which violates the general statute, the *Williamson* rule does not apply." (*Murphy*, *supra*, 52 Cal.4th at p. 90.) After reviewing the case, the *Murphy* court concluded it was "debatable" whether *Chardon* supported the "approach the People urge[d it] to adopt, because . . . each situation requires a determination of legislative intent based on 'the entire context' of the statutes at issue." (*Id*. at p. 91.) *Murphy* did not further analyze *Chardon* or the statutes at issue there. Thereafter, the *Murphy* court determined that Supreme Court precedent was at odds with the People's position. (*Ibid*.)

Although *Murphy* did not expressly overrule *Chardon*, *Chardon*'s reasoning cannot stand in light of *Murphy*. (*Murphy*, *supra*, 52 Cal.4th at pp. 90-91.) As explained in *Murphy*: "In adopting a specific statute, the Legislature has focused its attention on a particular type of conduct and has identified that conduct as deserving a particular punishment. Consequently, we infer that the Legislature intended that such conduct should be punished under the special statute and not under a more general statute which, although broad enough to include such conduct, was adopted without particular consideration of such conduct. Whether the Legislature has addressed the specific conduct in a separate statute rather than in a clause or subdivision of a statute that includes other conduct is not determinative in our effort to discern the Legislature's intent." (*Id*. at p. 91.) Applying this logic to the statutes at issue here, the fact that

10

Vehicle Code section 40504, subdivision (b) can be violated in two different ways, one of which does not commonly violate section 529, subdivision (a)(3), does not by itself render *Williamson* inapplicable.

Moreover, based on our review of the two statutes at issue, the situation presented here is one in which " 'it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute.' " (*Murphy*, *supra*, 52 Cal.4th at p. 86.) To violate the special statute, Vehicle Code section 40504, subdivision (b), a person must sign a written promise to appear for a traffic citation with either a false or fictitious name. Signing a written promise to appear with a false name, as defendant did here, is conduct that will commonly result in a violation of the general statute, section 529, subdivision (a)(3), which requires a person falsely impersonate another and in that assumed character commit "any other act whereby, if done by the person falsely personated, he [or she] might, in any event, become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture or penalty, or whereby any benefit might accrue to the party personating, or to any other person." Indeed, we acknowledged in *Chardon* that signing "a false signature on a promise to appear is an act that may commonly harm the person whose name is forged or benefit another." (*Chardon*, *supra*, 77 Cal.App.4th at p. 214.)

We can discern no reason why the *Williamson* rule should not apply to the statutes at issue here. We have reviewed the legislative history of Vehicle Code section 40504, subdivision (b), and we have found no indication that the Legislature intended otherwise.[4] (See Stats. 1963, ch. 802, § 1.) In a letter to the Governor, the author of the bill that added subdivision (b) to Vehicle Code section 40504 explained the purpose of the statute as follows: "This section presently sets forth the procedure for the release of

---

[4] On our own motion, we take judicial notice of the legislative history of Vehicle Code section 40504, subdivision (b). (Evid. Code, §§ 452, subd. (c), 459.)

11

the arrested person upon his giving a written promise to appear in court by signing the notice. [¶] This bill adds a misdemeanor provision applying to the person who signs a written promise to appear with a false or fictitious name. Many violators attempt to sign with either a false name or with another person's name in lieu of their proper signature. [¶] This measure will curtail abuse of the privilege of obtaining an immediate release from arrest based on a person's written promise to appear." (See May 30, 1963 Letter from John Francis Foran, Governor's File for Assem. Bill. 1315 (1963 Reg. Sess.).) Given the age of the bill enacting Vehicle Code section 40504, subdivision (b), this letter is one of the few pieces of legislative history that we have found that expresses or explains the Legislature's intent in adding the statute, and it merely reiterates that it intended this behavior be criminalized as a misdemeanor.

Absent any indication of a legislative intent to the contrary, we find the *Williamson* rule applies and infer that by specifying such conduct to be a misdemeanor, the Legislature intended to create an exception to the felony punishment as stated under the more general statute, section 529.

3. *Conclusion*

Defendant's conviction for felony false personation in violation of section 529, subdivision (a)(3) must be reversed.[5] Since we reverse his conviction on that count in case No. SS160618, we remand the matter for resentencing. The trial court's revocation and termination of probation in case Nos. SS120317A and MS338702A is attributable in part to defendant's guilty conviction for violating section 529, subdivision (a)(3). Since the conduct leading to defendant's probation violation should not have been charged as a felony, the trial court should again exercise its discretion and determine if it should

---

[5] Since we reverse defendant's conviction, we need not address his claim that the error violated his right to due process.

12

revoke probation for both cases.  If the court chooses to revoke probation again, it should select the appropriate sentence.

## DISPOSITION

The judgment is reversed and remanded for resentencing.  On remand, the trial court shall exercise its discretion to determine whether to revoke probation in case Nos. SS120317A and MS338702A.  If it chooses to revoke probation again, it shall select the appropriate sentence.

_____
                                Premo, J.

WE CONCUR:

_____
          Greenwood, P.J.

_____
                Grover, J.

People v. Henry
H044626

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br>Superior Court Nos. SS120317A, SS160618,<br>MS338708A |
| Trial Judge: | Hon. Pamela L. Butler |
| Counsel for Plaintiff/Respondent:<br>The People | Xavier Becerra<br>Attorney General<br><br>Gerald A. Engler<br>Chief Assistant Attorney General<br><br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br><br>Leif M. Dautch<br>Deputy Attorney General<br><br>Alisha M. Carlile<br>Deputy Attorney General |
| Counsel for Defendant/Appellant:<br>Angelo Amir Henry | Under appointment by the Court of Appeal<br>Caitlin M. Plummer |

People v. Henry
H044626