Filed 1/27/26  McKim v. Superior Court CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| DEVIN MCKIM, | C103871 |
| Petitioner, | (Super. Ct. No. CR20243710) |
| v. | |
| THE SUPERIOR COURT OF YOLO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

After Devin McKim consumed alcohol and crashed his motorized scooter, the People charged him with multiple offenses, including misdemeanor driving a vehicle under the influence of alcohol (Veh. Code, § 23152, subd. (a)),[1] misdemeanor driving a vehicle with a blood-alcohol content over 0.08 percent (§ 23152, subd. (b)), and operating *a motorized scooter* while under the influence of alcohol (§ 21221.5).  Pointing

---

[1] Undesignated statutory references are to the Vehicle Code.

to section 21221.5, McKim moved to dismiss the two section 23152 counts pursuant to the rule articulated in *In re Williamson* (1954) 43 Cal.2d 651: a criminal defendant may not be prosecuted under a general statute if the conduct at issue is covered under a more specific statute. The trial court denied that motion. We will grant the petition for writ of mandate.

BACKGROUND

In August 2024, McKim admitted to police officers that he lost control of a motorized scooter and crashed it after he drank alcohol. Later, the Yolo County District Attorney's Office charged him with four offenses: misdemeanor driving a vehicle under the influence of alcohol (§ 23152, subd. (a); count 1); misdemeanor driving a vehicle with a blood-alcohol content over 0.08 percent (§ 23152, subd. (b); count 2); operation of a motorized scooter while under the influence of alcohol or drugs (§ 21221.5; count 3); and operating a vehicle without a valid license (§ 12500, subd. (a); count 4).

After the trial court denied McKim's motion to dismiss counts 1 and 2, he filed a petition for writ of mandate or prohibition in the trial court's appellate division. The appellate division summarily denied the petition.[2]

---

[2] While the court explained the reasons for its ruling in a nine-page "speaking order" (*City of San Jose v. Superior Court* (1993) 5 Cal.4th 47, 50), the summary denial is not the focus of the instant matter because the appellate division did not create a cause or make law of the case when it decided the matter without issuing an order to show cause. (See *Kowis v. Howard* (1992) 3 Cal.4th 888, 894 [the court "summarily denied the petition with a brief supporting statement"; "[t]hus, it did not decide a cause"]; *id.* at pp. 894-895 [" 'an appellate court's action denying without opinion a petition for a writ of mandate or prohibition is not the determination of a "cause" ' "; " '[o]nly when the appellate court issues an alternative writ or order to show cause does the matter become a "cause" which is placed on the court's calendar for argument and which must be decided "in writing with reasons stated' "]; *id.* at p. 899 ["A summary denial of a writ petition does not establish law of the case whether or not that denial is intended to be on the merits or is based on some other reason"].)

McKim filed a petition for a writ of mandate or prohibition in this court. We construed his petition as directed at the trial court's January 2025 ruling on the motion to dismiss and issued an order to show cause. The People filed their return to the order to show cause in September 2025 and McKim filed his reply in October 2025.

DISCUSSION

I

*The Statutes*

Subdivision (a) of section 23152 makes it unlawful "for a person who is under the influence of any alcoholic beverage to drive a vehicle." Subdivision (b) of section 23152 makes it unlawful "for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."[3] Section 21221.5 makes it unlawful "for any person to operate a *motorized scooter* upon a highway *while under the influence of an alcoholic beverage or any drug*, or under the combined influence of an alcoholic beverage and any drug." (Italics added.) The offense is an infraction that "shall be punished by a fine of not more than two hundred fifty dollars ($250)."[4] (*Ibid.*; see Pen. Code, §§ 16, 19.6 [explaining a public offense is either a felony, a misdemeanor, or an infraction; and an infraction is not punishable by imprisonment].)

Section 670 defines " 'vehicle' " as "a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks." A motorized scooter is a "vehicle" under that definition.

---

[3] Our Supreme Court has colloquially referred to section 23152, subdivision (a) as " 'generic DUI' " and section 23152, subdivision (b) as " 'per se DUI.' " (*People v. McNeal* (2009) 46 Cal.4th 1183, 1187.) In the remainder of this opinion, we will too.

[4] The criminal complaint characterized the offense as a misdemeanor, and the parties echo the characterization in the pleadings before us.

## II

### *The* Williamson *Rule*

McKim argues the *Williamson* rule mandates dismissal of counts 1 and 2 because the motorized scooter DUI charge in count 3 (§ 21221.5) covers his alleged unlawful conduct. The People concede count 1 (generic DUI) must be dismissed. But they maintain count 2 (per se DUI) should remain because it does not "mirror[] the same elements" as count 3, because it requires a blood-alcohol content of 0.08 or higher. We agree with McKim that both counts must be dismissed.

"The *Williamson* rule refers to the California Supreme Court's decision in *Williamson*, *supra*, 43 Cal.2d 651. 'Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute. In effect, the special statute is interpreted as creating an exception to the general statute for conduct that otherwise could be prosecuted under either statute.' (*People v. Murphy* (2011) 52 Cal.4th 81, 86 (*Murphy*).) [¶] 'Absent some indication of legislative intent to the contrary, the *Williamson* rule applies when (1) "each element of the general statute corresponds to an element on the face of the special statute" or (2) when "it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute." ' " (*People v. Henry* (2018) 28 Cal.App.5th 786, 791-792 (*Henry*).)

In *Murphy*, after the defendant signed a stolen vehicle report under penalty of perjury, she was charged with and convicted of three felonies, including the offense of procuring or offering a false or forged instrument for filing or recording (Pen. Code, § 115). (*People v. Murphy* (2011) 52 Cal.4th 81, 85 (*Murphy*).) The Supreme Court reversed the false instrument conviction, ruling the *Williamson* rule precluded prosecution under that general statute, because (1) section 10501 "specifically and narrowly addresse[d] defendant's conduct of filing a false *vehicle theft* report, and makes

4

that conduct a misdemeanor" (*Murphy*, at p. 85, italics added) and (2) the defendant's conduct also "would *commonly* violate Penal Code section 115" (*id.* at p. 94).

In reaching this conclusion, our Supreme Court discussed two other concepts that are pertinent here. First, even if a special statute has multiple clauses that contemplate different ways in which the statute might be violated, at least one of which does not violate the general statute, courts should focus on the question whether the conduct at issue would commonly violate the general statute. (*Murphy*, *supra*, 52 Cal.4th at pp. 89-91.) Second, courts "may reasonably infer" that conduct will commonly violate the more general statute. (*Id.* at p. 94.)

In *Henry*, the court reversed a conviction for felony false personation of another (Pen. Code, § 529) arising out of the defendant's conduct of giving a friend's name to a police officer at a traffic stop and signing that name on a promise to appear for a traffic citation. (*Henry*, *supra*, 28 Cal.App.5th at p. 789.) The court reasoned the Legislature intended the conduct would be prosecuted as a misdemeanor under a special statute: section 40504, subdivision (b), which criminalizes the signing of a false or fictitious name on a promise to appear for a traffic citation. (*Henry*, at pp. 789, 796-797.) It acknowledged that, had the defendant violated section 40504 by giving a fictitious (i.e., fake) name rather than his friend's name, such conduct would not have been a violation of Penal Code section 529 (the general statute), because such conduct is not false personation of *another* person. (*Henry*, at p. 794.) But applying *Murphy*, the court reasoned this observation did not alter the *Williamson* analysis because it had to focus on the defendant's actual conduct, which both violated the special statute and would " ' "commonly result in a violation of the general statute." ' " (*Henry*, at pp. 794-796.)

Likewise here, common sense and experience lead to the conclusion that driving a motorized scooter while under the influence of alcohol is conduct that both (1) violates the special statute (§ 21221.5) and (2) will commonly result in violations of the generic DUI and per se DUI offenses, which are more general because they can be committed by

5

driving *any* vehicle (while under the influence of alcohol or with a particular blood-alcohol level).  (See *Murphy*, *supra*, 52 Cal.4th at p. 94 [courts "may reasonably infer" that conduct will commonly violate the more general statute]; cf. *Nalwa v. Cedar Fair, L.P.* (2012) 55 Cal.4th 1148, 1158 [approving the notion that judges may sometimes "consider . . . their own or common experience"]; *Abatti v. Eldridge* (1980) 112 Cal.App.3d 411, 416 [sometimes, judges "should . . . rely on their experience, common sense and intuition"]; Merriam-Webster Dict. Online (2026) <https://www.merriam-webster.com/dictionary/commonly> [as of Jan. 27, 2026], archived at <https://perma.cc/DB3T-ME8Y> [defining "commonly" as "often in the usual course of events"].)

And though per se DUI contains an element that motorized scooter DUI does not (the former requires proof of a blood-alcohol level), this "does not necessarily mean that the *Williamson* rule does not apply.  'It is not correct to assume that the [*Williamson*] rule is inapplicable whenever the general statute contains an element not found within the four corners of the "special" law.  Rather, the courts must consider the *context* in which the statutes are placed.  If it appears from the entire context that a violation of the "special" statute will . . . commonly result in a violation of the "general" statute, the *Williamson* rule may apply even though the elements of the general statute are not mirrored on the face of the special statute.' " (*Murphy*, *supra*, 52 Cal.4th at p. 87.)

The People cite no authority for the proposition that the *Williamson* rule demands the special statute mirror the general statute.[5]  And, as McKim observes in his reply, the People do not offer any substantive analysis of the question whether his conduct "will

---

[5] The People invoke cases that discuss the differences between generic DUI and per se DUI.  But those cases do not discuss the *Williamson* rule, and their reasoning does not advance the People's argument that a prosecution is barred under the *Williamson* rule only if the special statute mirrors the general statute.

6

commonly result" in a violation of the per se DUI statute. Our focus is on McKim's actual alleged conduct: operating a motorized scooter while drunk. (*Murphy*, *supra*, 52 Cal.4th at pp. 89-91; *Henry*, *supra*, 28 Cal.App.5th at pp. 794-796.) And because that conduct will commonly result in violations of the generic DUI and per se DUI statutes (counts 1 and 2 in McKim's criminal complaint), we infer the Legislature intended the conduct to be prosecuted exclusively under the special statute as an infraction and not as a more serious offense.[6] (See *Murphy*, at p. 86.)

The People do not contend that there is "some indication of legislative intent to the contrary" (*Murphy*, *supra*, 52 Cal.4th at p. 86), and we found none.[7] (Cf. *Henry*, *supra*, 28 Cal.App.5th at pp. 796-797 [reviewing the legislative history of the statute and finding no indication the Legislature intended the *Williamson* rule would not apply].) Accordingly, counts 1 and 2 must be dismissed.

---

[6] This makes sense intuitively, because—due to the significant differences in size and weight of the vehicles—one who operates a motorized scooter under the influence of alcohol is less likely to seriously injure others compared to one who operates a car or motorcycle under the influence of alcohol.

[7] On our own motion, we take judicial notice of the legislative history of section 21221.5. (Evid. Code, § 452, subd. (c).) Far from indicating an intent that is inconsistent with our holding, the legislative history indicates the Legislature intended to treat motorized scooter DUI less harshly than generic DUI and per se DUI. For example, an analysis of the legislation that enacted section 21221.5 emphasizes that a violation would not be listed on someone's permanent driving record. (See Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 441 (1999-2000 Reg. Sess.) as amended Aug. 31, 1999, p. 3; compare § 12810, subd. (b) ["A conviction of a violation of Section 23152 . . . shall be given a value of two points" toward a "violation point count" and possible loss of driving privileges].)

DISPOSITION

Let a peremptory writ of mandate issue directing respondent Yolo County Superior Court to vacate its January 2025 order denying McKim's motion to dismiss counts 1 and 2 pursuant to the preemption doctrine articulated in *Williamson*, and to enter a new order granting the motion to dismiss.

/s/
BOULWARE EURIE, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
RENNER, J.