Filed 7/16/24  P. v. Clayton CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADIO KAMAU CLAYTON,<br><br>    Defendant and Appellant. | H051277<br>(Santa Clara County<br>Super. Ct. No. CC512072) |

Adio Kamau Clayton appeals a post-judgment order denying his petition under Penal Code section 1172.75[1] to strike a prior prison term enhancement under section 667.5, subdivision (b) (prison prior) and to be resentenced.  The trial court denied Clayton's petition after determining that relief under section 1172.75 was unavailable because, after imposing the prison prior, the original sentencing court stayed the punishment.  We conclude that the stayed prison prior was "imposed" for purposes of qualifying for relief under section 1172.75, and therefore we reverse the trial court's order and remand for recall of Clayton's sentence and for resentencing.

## I. BACKGROUND

In 2006, Clayton was convicted by a jury of sodomy by force (§ 286, subd. (c)(2)), spousal rape by force (§ 262, subd. (a)(1)), false imprisonment (§§ 236, 237), and

---

[1] Subsequent undesignated statutory references are to the Penal Code.

corporal injury on a spouse (§ 273.5, subd. (a)). The jury also found true allegations that Clayton had suffered a prior strike conviction under section 667, subdivisions (b) through (i); a serious felony prior conviction under section 667, subdivision (a); and, most importantly, a prison prior for a conviction of robbery (§§ 211, 212.5).

In 2007, the trial court (hereafter sentencing court) sentenced Clayton to a total of 35 years in state prison. The sentencing court imposed a prior prison term enhancement but stayed punishment for it.

In July 2023, Clayton filed a petition for resentencing under section 1172.75. Clayton asserted that an enhancement for a now-invalid prison prior had been imposed on him, and he requested recall of his sentence and full resentencing.

The trial court denied Clayton's petition. In a written decision and order, the trial court concluded that Clayton was not eligible for relief under section 1172.75 because the prior prison term enhancement in his case had been stayed and thus was not "imposed" as section 1172.75 requires. Clayton timely appealed.

## II. Discussion

Clayton contends that the trial court erred in denying his petition for resentencing because, when a prison prior is included in a judgment but punishment for it is stayed, the prison prior has been "imposed" under section 1172.75. The Attorney General disagrees and argues that because Clayton's sentence was not altered by the imposition of the prison prior, he is ineligible for relief as a matter of law. Reviewing this question of statutory interpretation de novo (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*)), we conclude that Clayton's prison prior was imposed under section 1172.75 and he was entitled to resentencing.

Previously, section 667.5, subdivision (b) required that a one-year enhancement be imposed for each prior prison or section 1170, subdivision (h) county jail term served, unless the defendant remained free of custody for at least five years. (§ 667.5, former subd. (b); *Renteria*, *supra*, 96 Cal.App.5th at p. 1282; *People v. Jennings* (2019) 42

Cal.App.5th 664, 681.)  In Senate Bill No. 136 (2019-2020 Reg. Sess.), effective January 1, 2020, the Legislature amended this provision to impose enhancements only for prior terms served for a conviction of a sexually violent offense.  (Stats. 2019, ch. 590, § 1.)  Additionally, in section 1171.1[2] (effective Jan. 1, 2022), the Legislature made this change retroactive, declaring that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid."  (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)

Section 1172.75, subdivision (b) requires the Secretary of the Department of Corrections and Rehabilitation to identify to the sentencing court any person in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)."  Under subdivision (c), if the sentencing court finds that the judgment includes a now-invalid prison prior, "the court shall recall the sentence and resentence the defendant."  Subdivision (d)(2) of section 1172.75 requires the resentencing court to "apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2)); *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189 (*Christianson*).)  In addition, section 1172.75, subdivision (d)(1) provides that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."

Court of Appeal decisions are split over whether section 1172.75 requires resentencing of defendants whose judgments include now-invalid prison priors that were

---

[2]  Effective June 30, 2022, section 1171.1 was amended and renumbered as section 1172.75.  (Stats. 2022, ch. 58, § 12.)

3

stayed. A decision from this District has held that resentencing is required. (See *Renteria, supra*, 96 Cal.App.5th at pp. 1282-1283.) A decision from the Fourth District disagreed (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48–49, review granted Feb. 21, 2024, S283169), but another decision from the Fourth District agreed (*Christianson, supra*, 97 Cal.App.5th at p. 305, review granted), and a decision from the Third District agreed as well (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted March 12, 2024, S283547 (*Saldana*)). The Supreme Court has granted review in the latter three cases. (*Rhodius, supra*, S283169; *Christianson, supra*, S283189; *Saldana, supra*, S283547.)

We follow the weight of authority in concluding that section 1172.75 authorizes the recall and resentencing of a defendant whose prison prior was stayed. Section 1172.75 applies to prison priors that were "imposed." (§ 1172.75, subd. (a).) The Supreme Court has observed that the word " 'imposed' " may apply to "enhancements that are 'imposed and then *executed*' as well as to those that 'imposed and then *stayed*.' " (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125, italics in original; see *Renteria, supra*, 96 Cal.App.5th at p. 1282.) Although the Attorney General does not dispute this, he points out that subdivision (d)(1) of section 1172.75 provides that resentencing under this section generally "shall result in a lesser sentence than the one originally imposed *as a result* of the elimination of the repealed enhancement." (Italics added.) There is, however, no inconsistency. Even when stayed, a sentencing enhancement included in a judgment carries "the potential for an increased sentence in certain circumstances," and therefore "removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted; see also *Saldana, supra*, 97 Cal.App.5th at p. 1278, review granted ["The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any

4

legally sanctioned reason."].)  As a consequence, a sentence omitting a previously imposed but stayed enhancement is a lesser sentence.

We conclude that because Clayton's prison prior was imposed but stayed, the trial court erred in denying his petition for recall of sentence under section 1172.75.  We therefore remand the matter for the trial court to recall Clayton's sentence and resentence him.

### III.  DISPOSITION

The order denying Clayton's request for resentencing is reversed.  On remand, the trial court is directed to recall Clayton's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

5

_____
BROMBERG, J.

WE CONCUR:

_____
GROVER, ACTING P.J.

_____
LIE, J.

*People v. Clayton*
H051277