Filed 9/25/24  P. v. Hamze CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WALID SALAH HAMZE,<br><br>        Defendant and Appellant. | A167442<br><br><br>(Alameda County<br>Super. Ct. No. 19CR007211) |

A jury convicted Walid Salah Hamze of committing numerous sexual offenses against six children under the age of 14 who were under his care. On appeal, Hamze argues (1) the trial court erred by instructing the jury that it could consider the charged sex offenses as propensity evidence; (2) the prosecutor committed misconduct by suggesting a unanimous verdict was not required; and (3) he should not have been charged with and convicted of numerous lewd acts (Pen. Code, § 288, subd. (a))[1]—a general statute—instead of the more specific offense of continuous sexual abuse of a child (§ 288.5). We affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

# BACKGROUND[2]

Hamze has seven children—five daughters and two sons. Between 1997 and 2003, Hamze molested three of his daughters (Jane Doe 5, Jane Doe 6, and Jane Doe 7) when they were young, as well as a family friend (Jane Doe 4) who was the same age as his daughters.

In 2018, at his wife's urging, another family came to live with Hamze and his family. In April 2019, police began investigating claims that Hamze had molested three young girls from the other family (Jane Doe 1, Jane Doe 2, and Jane Doe 3). In the weeks following, police became aware of Hamze's past molestations of two of his adult daughters (Jane Doe 5 and Jane Doe 6) and one of their friends (Jane Doe 4) when they were children.

On April 27, 2019, Hamze went to police and confessed to molesting his daughter Jane Doe 5 years earlier. He expressed regret for his actions, saying he had "taken the trust of a little child and I used it for my pleasure . . . ." Hamze denied the other conduct he was accused of, except for one incident with his daughter Jane Doe 6, which he claimed was an accident.

Hamze was charged with one count of aggravated sexual assault of a child under 14 years of age (§ 269, subd. (a)(5); first count [Jane Doe 1]) and 17 counts of lewd conduct with a child under 14 years of age (§ 288, subd. (a); second–fourth counts [Jane Doe 1], fifth–seventh counts [Jane Doe 2], eighth–tenth counts [Jane Doe 3], eleventh–thirteenth counts [Jane Doe 4], fourteenth–sixteenth counts [Jane Doe 5], seventeenth count [Jane Doe 6], eighteenth count [Jane Doe 7]).

---

[2] Because Hamze's appeal raises primarily legal issues, the factual background is abbreviated.

Six of the seven victims testified at trial; Jane Doe 5 refused to testify, which prompted the People to dismiss the fourteenth, fifteenth, and sixteenth counts.

Hamze testified at trial that he was heavily sleep-deprived during his police interview. He admitted to molesting his daughter Jane Doe 5 and having had feelings of sexual attraction toward her. Hamze denied all other allegations against him.

The jury convicted Hamze of one count of aggravated sexual assault of a child under the age of 14 (§ 269, subd. (a)(5); first count) and 14 counts of lewd conduct with a child under the age of 14 (§ 288, subd. (a); second–thirteenth, seventeenth–eighteenth counts).

## DISCUSSION

### I.    CALCRIM No. 1191B

Hamze argues the trial court erred by instructing the jury that it could "rely on evidence of one charged offense to infer" he "had a propensity for sexual offenses and likely committed the other charged offenses," which "violated state and federal law." (Capitalization omitted.) Hamze's argument is without merit.

The trial court instructed the jury with CALCRIM No. 1191B, which provides that if the People have proved at least one of the charged sex offenses beyond a reasonable doubt, "you may, but are not required to, conclude from that evidence that the Defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the Defendant was likely to commit and did commit" any or all of the remaining counts. The instruction clarifies, "It is not sufficient by itself to prove that the Defendant is guilty of another crime. The People must still prove each charge and allegation beyond a reasonable doubt." The jury was also given

3

CALCRIM No. 3515, instructing that "[e]ach of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one."

In his opening brief, Hamze acknowledges that in *People v. Villatoro* (2012) 54 Cal.4th 1152 (*Villatoro*), the California Supreme Court held an instruction similar to the one at issue here did not violate the defendant's due process rights or impermissibly lower the standard of proof. (*Id.* at pp. 1167–1168.) Nevertheless, while acknowledging the concept of stare decisis, Hamze argues *Villatoro* was wrongly decided and should not be followed. We decline Hamze's invitation to reject *Villatoro*. Instead, we join the other appellate decisions following *Villatoro* and conclude the trial court properly instructed the jury with CALCRIM No. 1191B. (See *People v. Meneses* (2019) 41 Cal.App.5th 63, 67–68; *People v. Phea* (2018) 29 Cal.App.5th 583, 608–609; see also *People v. Miramontes* (2010) 189 Cal.App.4th 1085, 1103–1104 [substantive challenge to CALCRIM No. 1191 rejected based on *People v. Reliford* (2003) 29 Cal.4th 1007, 1012–1016].)

Nor are we persuaded by Hamze's claim that *Villatoro*'s rationale has proved "unworkable and unfair in practice . . . ." *People v. Daveggio and Michaud* (2018) 4 Cal.5th 790 (*Daveggio and Michaud*) does nothing to further Hamze's position. There, two defendants moved unsuccessfully to have certain sex offenses tried separately from a murder charge. (*Id.* at p. 829.) The court, citing *Villatoro*, explained that "evidence of charged sex offenses, like evidence of uncharged sex offenses, may give rise to an inference of propensity to commit similar crimes, but the trial court's decision to permit the jury to consider the evidence for that purpose is properly guided by [an Evidence Code] section 352 weighing analysis." (*Daveggio and Michaud*, at p. 829.) The court rejected the defendants' claim that the trial

4

court failed to conduct an Evidence Code section 352 analysis before permitting the jury to consider the charged counts as propensity evidence. (*Ibid.*) Rather, the trial court exercised its discretion under Evidence Code section 352 in resolving the defendants' motion to bifurcate. (*Ibid.*)

Here, Hamze does not directly assert that the court failed to conduct an Evidence Code section 352 analysis before instructing the jury. Nevertheless, before the court admitted evidence of uncharged prior acts, the court conducted a thorough Evidence Code section 352 analysis. The court indicated it "w[ould] not admit any 1108 evidence without carefully analyzing the evidence under Ewoldt, Falsetta, and Evidence Code Section 352. [¶] That requires consideration of the following factors: The evidence's nature, relevance, and possible remoteness; the degree of certainty the offense was committed; the likelihood of confusing, misleading, or distracting the jurors from their main inquiry; the similarity to the charged offense; the likely prejudicial impact on the jurors; the burden on Mr. Hamze and defending against the uncharged offense; and the availability of less prejudicial alternatives to the outright admission such as admitting some, but not all, of the other alleged offenses or excluding irrelevant, though, imflammatory [*sic*] details surrounding the offense." Then, "having considered and weighed the factors . . . outlined for each of the uncharged acts . . . as well as the charged acts . . . , the Court f[ound] that each of those acts [we]re ·admissible as to each count charged . . . ."

Based on the in-depth analysis of the Evidence Code section 1108 evidence, we infer the court implicitly conducted an Evidence Code section 352 analysis regarding the charged acts before giving the CALCRIM No. 1191B instruction. (*Villatoro, supra*, 54 Cal.4th at p. 1168 [rejecting similar claim]; *Daveggio and Michaud, supra*, 4 Cal.5th at p. 829 [same].)

5

Accordingly, we reject Hamze's claim of instructional error.

## II.  *Prosecutorial Error*

Hamze next contends the prosecutor committed misconduct by giving an incorrect explanation of the unanimity requirement set forth in CALCRIM No. 3501.  As such, he argues his convictions on the second–tenth counts must be reversed due to the misstatement of the constitutional requirement of a unanimous verdict in violation of his state and federal due process rights to a fair trial.  The People argue the prosecutor's statements were consistent with the law and, in any event, any error was harmless.  We conclude any misstatement by the prosecutor was harmless error not resulting in prosecutorial misconduct.

A criminal defendant's right to a jury trial includes the right to a unanimous agreement, including unanimous agreement on the act constituting the offense charged.  (Cal. Const., art. I, § 16; *People v. Russo* (2001) 25 Cal.4th 1124, 1132.)  In any case in which the evidence would permit jurors to find the defendant guilty of a crime based on two or more discrete acts, either the prosecutor must elect among the crimes or the court must require the jury to agree on the same criminal act.  (*People v. Russo*, at p. 1132.)  This unanimity requirement " 'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.' [Citation.]"  (*Ibid*.)

Historically, child molestation cases have presented difficult issues regarding how properly to instruct a jury on the constitutional requirement of a unanimous verdict.  This is especially true when a child testifies to a number of similar but undifferentiated acts of molestation during a particular time period, e.g., "an act of intercourse 'once a month for three years . . . .' "  (*People v. Jones* (1990) 51 Cal.3d 294, 314 (*Jones*).)  To

6

safeguard the constitutional requirement of unanimity, our Supreme Court directed, "In a case in which the evidence indicates the jurors might disagree as to the particular act defendant committed, the standard unanimity instruction should be given. [Citation.] But when there is no reasonable likelihood of juror disagreement as to particular acts, and the only question is whether or not the defendant in fact committed all of them, the jury should be given a modified unanimity instruction which, in addition to allowing a conviction if the jurors unanimously agree on specific acts, also allows a conviction if the jury unanimously agrees the defendant committed all the acts described by the victim. [¶] . . . [B]ecause credibility is usually the 'true issue' in these cases, 'the jury either will believe the child's testimony that the consistent, repetitive pattern of acts occurred or disbelieve it. In either event, a defendant will have his unanimous jury verdict [citation] and the prosecution will have proven beyond a reasonable doubt that the defendant committed a specific act, for if the jury believes the defendant committed all the acts it necessarily believes he committed each specific act [citations].' " (*Id.* at pp. 321–322.)

In light of the *Jones* decision, the Judicial Council adopted CALCRIM No. 3501, which was given in this case as follows: "The Defendant is charged in Counts 2, 3, 4, 5, 6, 7, 8, 9, and 10 with violations of Penal Code § 288(a) sometime during the following periods: [¶] [second–fourth counts, June 1, 2018–April 13, 2019; fifth–seventh counts, September 1, 2018–April 13, 2019; eighth–tenth counts, January 1, 2019–April 13, 2019.] [¶] The People have presented evidence of more than one act to prove that the Defendant committed these offenses. You must not find the Defendant guilty unless: [¶] 1. You all agree that the People have proved that the Defendant committed at least one of these acts and you all agree on which act he

7

committed for each offense; OR [¶] 2. You all agree that the People have proved that the Defendant committed all the acts alleged to have occurred during this time period and have proved that the Defendant committed at least the number of offenses charged."

"CALCRIM No. 3501 affords two different approaches for the jury to reach the required unanimity. The first is . . . [an] agreement as to the acts constituting each offense. But unanimity may also be found under CALCRIM No. 3501 if the jury agrees 'that the People have proved that the defendant committed all the acts alleged to have occurred during this time period [and have proved that the defendant committed at least the number of offenses charged].' " (*People v. Fernandez* (2013) 216 Cal.App.4th 540, 556, 1st bracketed insertion added.)

Here, during closing argument, the prosecutor explained, "For all of you, you have to come back with an [*sic*] unanimous verdict.·Sometimes you can disagree on a theory and how you get there.·And I'll mention when that can happen. [¶] But the 12 of you have to be unanimous in your verdict that I proved beyond a reasonable doubt each of the charged allegations, okay?· However, you can get there in different ways.·And so this instruction starts by saying, I have presented evidence of more than one act to prove that the defendant committed these offenses. . . . [¶] You cannot find the defendant guilty unless (1) the defendant committed at least one of these acts and you all agree on which act he committed for each offense; or (2) the defendant committed all of the acts alleged to have occurred during this time period, and the People have proved that the defendant committed at least the number of offenses charged."

While discussing the second count, the prosecutor said that six of the jurors could find that Hamze touched Jane Doe 1 in a discrete way and six of

8

the jurors could believe Hamze committed all of the acts against Jane Doe 1 during the relevant time period. The prosecutor then gave equivalent explanations for the third–tenth counts.

Hamze argues the prosecutor's description of the unanimity requirement misstated the law. Hamze contends that although CALCRIM No. 3501 provides "two different paths for jurors to reach unanimity, the instruction makes clear the jurors must be unanimous as to the path they choose." Hamze insists "the prosecutor told jurors that they could reach a unanimous verdict if six jurors found the state proved the case under paragraph one of CALCRIM [No.] 3501 while another six found proof under paragraph two."

To be sure, the prosecutor's argument was not a model of clarity. Although she began with a correct statement of the law, she faltered to the extent her comments suggested a unanimous verdict could be predicated on something less than 12 jurors in agreement. While the prosecutor's statement may have misstated the law if viewed in isolation, we conclude there was no prosecutorial error because in the context of the entire argument and jury instructions it was not reasonably likely the jury understood or applied the statement in an improper or erroneous manner. (*People v. Cortez* (2016) 63 Cal.4th 101, 130–131 (*Cortez*).)

To find prosecutorial error, we must view the challenged statement in the context of the entire argument and the jury instructions to determine whether there was a reasonable likelihood the jury understood or applied the comments in an improper or erroneous manner. (*Cortez, supra*, 63 Cal.4th at pp. 130–131.) " '[W]e "do not lightly infer" that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements.' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 894.)

In determining whether the prosecutor committed error, it is significant that the trial court correctly instructed the jury with CALCRIM No. 3501 regarding the necessity of a unanimous verdict. (See *Cortez, supra*, 63 Cal.4th at p. 131.) To the extent the prosecutor's statements were inconsistent with the instructions, the jury was instructed to follow the latter. The trial court instructed the jury with CALCRIM No. 200, stating in part: "You must follow the law as I explain it to you, even if you disagree with it. If you believe that the attorneys' comments on the law conflict with my instructions, you must follow my instructions."

We presume the jury followed the court's instructions, rather than any conflicting comments by counsel, in reaching a verdict. (*Cortez, supra*, 63 Cal.4th at p. 131; *People v. Prince* (2007) 40 Cal.4th 1179, 1295; *People v. Morales* (2001) 25 Cal.4th 34, 47.) " '[J]uries generally understand that counsel's assertions are the "statements of advocates." ' " (*Cortez, supra*, 63 Cal.4th at p. 131.)

Considered " '[i]n the context of the whole argument and the [jury] instructions' " (*People v. Centeno* (2014) 60 Cal.4th 659, 667), the jury in this case was not reasonably likely to understand the prosecutor's comments as diminishing the need for a unanimous verdict by all 12 jurors. We therefore conclude there was no prosecutorial error.

Because we conclude there was no prosecutorial error, Hamze's argument his trial counsel was ineffective by failing to object to the prosecutor's statements challenged on appeal is without merit.

## III. *Section 288.5 Does Not Bar Charges or Convictions of Individual Counts Under Section 288, Subdivision (a)*

Finally, Hamze argues nine of his section 288, subdivision (a) convictions should be reversed: three against Jane Doe 1 (second–fourth counts), three against Jane Doe 2 (fifth–seventh counts), and three against

10

Jane Doe 3 (eighth–tenth counts). He argues that prosecution under section 288, subdivision (a) (lewd acts) is precluded by section 228.5 (resident child molester) because it is a more specific statute covering the same acts as section 288, subdivision (a)—and, as such, he could only be convicted of one count of continuous sexual abuse under section 288.5 per victim. Hamze acknowledges several courts have rejected various variations of this argument. (See *People v. Torres* (2002) 102 Cal.App.4th 1053, 1056–1061 (*Torres*); *People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1177–1178 (*Alvarez*); *People v. Johnson* (1995) 40 Cal.App.4th 24, 26 (*Johnson*); *People v. Hord* (1993) 15 Cal.App.4th 711, 716–721 (*Hord*); *People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1581 (*Wilkerson*).)

Commonly referred to as the *Williamson* rule, prosecution under a general criminal statute may be precluded when a more specific prohibition applies. (See *In re Williamson* (1954) 43 Cal.2d 651, 654; *People v. Gilbert* (1969) 1 Cal.3d 475, 479–480.) But *Hord* explains that "sections 288.5 and 288 are not subject to the *Williamson* rule." (*Hord, supra*, 15 Cal.App.4th at p. 720.) " 'The doctrine that a specific statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent.' [Citation.] The Legislature's intent in passing section 288.5 was not to enact a specific statute to apply in lieu of a general statute. The intent was to enact a statute for an area which the Legislature believed was not covered by any other law. That this statute's necessity was nullified by the *Jones* decision does not transform this statute into a specific statute under the *Williamson* rule since this was clearly not the Legislature's intent at the time of the enactment." (*Hord*, at p. 720.)

*Hord, supra*, 15 Cal.App.4th at pages 718–719, explained that the Legislature enacted section 288.5 in response to *People v. Van Hoek* (1988)

11

200 Cal.App.3d 811 (*Van Hoek*), in which the appellate court reversed seven counts of molestation by a father against his daughter on the grounds that her "generic and amorphous testimony" did not support the charges against him because it impaired his ability to present a defense. (*Van Hoek*, at pp. 814, 818.) Disapproving *Van Hoek* and its progeny, *Jones, supra*, held that "generic testimony" may constitute substantial evidence of sexual offenses (51 Cal.3d at pp. 313–316) and that such "generic testimony [does not] deprive[] the defendant of a due process right to defend against the charges against him" (*id.* at pp. 320–321).

Hamze argues *Hord* "misses the mark entirely" and "should not be followed." We disagree and find it to be well reasoned. Our conclusion finds support in several decisions in which courts facing similar issues have reached the same conclusion as *Hord*. In *Wilkerson*, for example, the court explained, "Section 288.5 provides a vehicle for prosecuting resident child molesters if specific acts of sexual abuse at a particular time cannot be proven. [Citations.] It is not, nor was it intended to be, a limit on prosecutorial discretion in determining how a particular defendant is to be charged." (*Wilkerson, supra*, 6 Cal.App.4th at p. 1581.) Similarly, *Johnson* added that the People "are not required to prosecute under section 288.5 in order to gain a conviction against a resident child molester even when the evidence is based on 'generic testimony,' " provided the generic testimony meets the requirements established in *Jones*. (*Johnson, supra*, 40 Cal.App.4th at p. 26.)

Observing that section 288.5's purpose was to provide additional protection for children, in *Torres,* our colleagues in Division One of this judicial district held the statute did not preclude prosecutors from charging a defendant with individual child sex crimes in the alternative. (*Torres, supra*,

12

102 Cal.App.4th at p. 1059.) *Torres* expressly rejected the defendant's "specific over general" argument. (*Id.* at p. 1058.) *Torres* explained that section 288.5's requirement that offenses under that statute must be charged in the alternative to individual sex crimes "gives the prosecutor maximum flexibility to allege and prove *not only* a continuous sexual abuse count, but also specific felony offenses commensurate with the defendant's culpability, subject only to the limitation that the defendant may not be *convicted* of both continuous sexual abuse and specific felony sex offenses committed in the same period." (*Id.* at p. 1059.) In reaching this conclusion, *Torres* relied, in part, on *Alvarez*, which held, "It would be anomalous if section 288.5, adopted to prevent child molesters from evading conviction, could be used by those molesters to circumvent multiple convictions with more severe penalties and prior-strike consequences than available for a conviction under section 288.5." (*Alvarez, supra*, 100 Cal.App.4th at pp. 1177–1178; *Torres*, at p. 1060.)

Consistently with this principle, the court in *People v. Bautista* (2005) 129 Cal.App.4th 1431, affirmed the defendant's conviction under section 288.5 while vacating those for individual sex abuse counts because the longer sentence under the former was "more commensurate with [his] culpability" and "proportionate to the egregious criminal conduct in which [he] engaged." (*Bautista*, at pp. 1437–1438.)

"Prosecutors in sexual abuse cases possess a variety of means to seek convictions and severe punishments in cases involving sexual offenses against vulnerable young victims." (*People v. Johnson* (2002) 28 Cal.4th 240, 248.) While one option is to bring a charge of continuous sexual abuse against a given victim, another is to "plead and prove discrete sexual offenses and seek consecutive sentencing when permitted." (*Ibid.*) As discussed, the

13

prosecution opted for the latter option, which was a valid and permissible decision.

Accordingly, we conclude the nine challenged section 288, subdivision (a) convictions must stand.

## DISPOSITION

The judgment is affirmed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.

A167442/*People v. Walid Salah Hamze*

14